JOHN R. LISENKO AND WALTER ANTHONY STEPIEN *v.* STATE OF INDIANA.

[No. 1076S346.  Filed October 15, 1976.]

*Edward Olczak,* of South Bend, for appellants.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellants, John R. Lisenko and Walter Anthony Stepien were convicted on December 5, 1974, of entering to commit a felony. Ind. Code § 35-13-4-5 (Burns 1975). Each Appellant was sentenced to imprisonment for one to five years. The convictions were subsequently reversed by the Court of Appeals. *Lisenko* v. *State,* (1976) Ind. App., 345 N.E.2d 869. The State has filed a petition for transfer in this case. We grant that petition and vacate the decision of the court below. The judgment of the trial court is affirmed.

The evidence at trial revealed that at 3:59 a.m. on November 24, 1973, the Appellants entered the premises of the Indiana Carton Company in South Bend, Indiana. The building was equipped with a silent alarm maintained by American District Telegraph ("ADT"), which was set off when the Appellants entered. South Bend Police Officers Ronald Marciniak and Gerald Jankowski arrived at the scene at 4:05 a.m. The officers discovered that a door to the building had been pried open. Officer Jankowski entered the building with his police dog. "Approximately ten, fifteen, twenty feet from the door," he confronted "two suspects with their hands up stating they 'gave up.'" Two pry bars were then discovered on the floor "two or three feet" inside the door.

Kenneth H. Petty, president of the Indiana Carton Company testified that the company building was closed every night at about midnight and that before the premises could be secured it was necessary "to get a clearing signal from ADT, making sure all doors are closed." He testified further that the Appellants had previously worked for him and that they had not received permission to enter the building.

The Appellants present three contentions in this appeal: that the information by which they were charged did not charge the commission of a criminal offense; that the jury's verdict was not supported by sufficient evidence; and that the verdict was contrary to law. The second and third issues both attack the sufficiency of the evidence and will be considered together.

These contentions draw our attention to the statute under which the Appellants were charged, Ind. Code § 35-13-4-5 (Burns 1975):

> *"Entering to commit a felony.*—Whoever enters any dwelling house, or other place of human habitation, business house, outhouse, shop, office, storehouse, warehouse, mill, distillery, pottery, factory, barn, stable, schoolhouse, church, meeting house, or any building used for religious worship, booth, tent, inclosed ginseng garden, boat, warf-boat, or other watercraft, car, factory, freight house, station house, depot, railroad car, interurban or streetcar, or any other erection or inclosure, with the intent to commit a felony therein, shall, on conviction, be imprisoned for not less than one [1] year nor more than ten [10] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Under this statute and the information by which the Appellants were charged, the State was required to establish two elements: (1) entry into a business house; and (2) intent to commit the felony of theft therein.

The Appellants' sufficiency arguments assert that the evidence in this case failed to establish the second element, intent. We do not agree. The evidence at trial established that entry to the building in question was effected by prying open a locked steel door at about 4:00 a.m. No employees of the business were present in the building. The Appellants offered no explanation for their presence. In the absence of evidence that this forced entry was made with some lawful intent, we think that the intent to commit a felony may be reasonably inferred from the time, force, and manner in which the entry here was

made. In addition, the Appellants' statement to police that they "gave up" evidenced a consciousness of guilt from which the jury could further infer a felonious purpose. An inference of guilt may be drawn therefrom the same as if the Appellants had fled.

While the State must sustain its burden of proof on each element of an offense charged, some of these elements may be proven by circumstantial evidence and the logical inferences therefrom. *Kondrup* v. *State,* (1968) 250 Ind. 320, 235 N.E.2d 703. Because intent "is a mental state of the actor, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances to reasonably infer its existence." *Farno* v. *State,* (1974) 159 Ind. App. 627, 308 N.E.2d 724 at 725. As stated in my dissenting opinion in *Crawford* v. *State,* (1968) 251 Ind. 437 at 446, 241 N.E.2d 795 at 800, not to permit such an inference under circumstances such as here:

> ". . . penalizes efficient methods of law enforcement, such as alarm systems. Police officers promptly alerted, must wait until the intruder has first seized property or committed a rape or some other felony before the intruder may be convicted of a felony. A home owner who finds an intruder in his home at night will be surprised to learn that such a law-breaker cannot be convicted of a felony until he has first seized property or raped somebody, even though he can make no logical explanation of why he is there and even though he may be hiding or attempting to flee."

To the extent that *Crawford* v. *State, supra,* conflicts with the holding of this case, it is overruled.

The contention that the information by which the Appellants were charged did not charge a criminal offense rests on the assertion that the supporting affidavits presented no details from which an inference of intent could be drawn. Since those affidavits essentially set forth the evidence presented in this case, and that evidence has been held to be sufficient to permit such an inference, this argument must fail. The information in this case

specifically informed the Appellants of the charge against them and was sufficient under statutory standards. Ind. Code § 35-3.1-1-2 (Burns 1975); *Dorsey* v. *State,* (1970) 254 Ind. 409, 260 N.E.2d 800. We also note that the Appellants did not challenge the sufficiency of the information prior to this appeal. An attack on an affidavit must come before trial or it is waived. *Arnold* v. *State,* (1974) 162 Ind. App. 402, 319 N.E.2d 697.

Transfer of this case is ordered, the judgment of the Court of Appeals is vacated, and the convictions of the Appellants are affirmed.

Givan, C.J., Hunter, J., concur; DeBruler, Prentice, JJ., dissent.

NOTE.—Reported at 355 N.E.2d 841.