## GARRETT CARTER *v*. STATE OF INDIANA.

[No. 1176S375.  Filed November 4, 1976.]

*Jay A. Charon, Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

HUNTER, J.—Garrett Carter was convicted of second degree burglary and of carrying a gun without a license. The burglary conviction was reversed by the Court of Appeals, which found the evidence insufficient to support the conviction. We grant the petition to transfer and affirm the trial court's judgment.

When reviewing a claim of insufficiency of the evidence, a reviewing court must not reweigh the evidence as though it were hearing the case in the first instance. Where trial is had without a jury, the trial judge is the determiner of fact. His judgment must be given deference by this Court due to his having been present at the trial. We look only to the evidence favorable to the judgment together with all reasonable inferences available from that evidence. Where there is substantial evidence of probative value supporting each element of the offense essential to the judge's determination, the conviction must be affirmed.

The elements of the offense of second degree burglary which must be proved to the judge's satisfaction beyond a reasonable doubt are a breaking and entering into a building or structure other than a dwelling house or place of human habitation with the intent to commit a felony therein. Ind. Code § 35-13-4-4(b) (Burns 1972) ; *Cook* v. *State,* (1972) 258 Ind. 667, 284 N.E.2d 81.

The evidence favorable to the judgment is as follows: A police officer, in answer to a call that a burglary was in progress, arrived at the Mr. Miles Beauty Salon at approximately 2:00 a.m. on August 26, 1972. Upon his arrival the officer saw a broken window, looked through the broken window and saw a person in the building. Moments later another officer arrived at the scene, observed the same broken window, saw some type of movement inside the store, and went to the rear door of the shop. Carter stepped from the shop into the alley and, upon command from the officer, halted. When the officer searched the suspect, a revolver and holster were found in his belt. The shop owner testified that the doors were locked and the window unbroken when he left the shop that evening. He also testified that he found nothing missing from the shop. The record is void of any evidence that would indicate that anything had been disturbed inside the building or removed from the building. . .

This evidence is sufficient to support a conviction. When one breaks and enters a building at 2:00 a.m., armed with a

revolver, there is a reasonable inference that he did so with the express intent to commit a felony and, if necessary, to use violence in accomplishing that purpose and in perfecting his escape. To the extent that *Faulkner* v. *State,* (1973) 260 Ind. 82, 292 N.E.2d 594, may be interpreted to the contrary, it is overruled.

We grant transfer and find that the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., and Arterburn, J., concur; DeBruler and Prentice, JJ., dissent.

NOTE.—Reported at 356 N.E.2d 220.