CLINTON SKINNER, JR. AND JERRY L. FREEMAN *v.* STATE OF INDIANA

[No. 3-1076A241. Filed September 13, 1977.]

*John D. Breclaw,* of Griffith, for appellants.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellants Skinner and Freeman were apprehended inside an elementary school in Gary at 3:30 a.m. after a burglar alarm was set off. They were charged, tried jointly and convicted of entering to commit a felony.

Two errors are assigned on appeal. It is first asserted that the evidence was insufficient to establish that they intended to commit the felony of theft.

The evidence supporting the verdict discloses that appellants were discovered in the school about 3:30 a.m. on June 20, 1975,

while the school was closed. The night supervisor testified that he secured all doors and windows in the building and checked with the alarm company before he left at 10:30 p.m. on June 19th. He testified he had not given either defendant permission to enter the building. There was evidence that the door to the nurse's office, the glass in the principal's office, and a storeroom door had been broken. So had an outside window. Police Officer Kirkendall responded to a call that a burglary was in progress at the school. When he arrived a representative of the alarm company was coming out of the school with Skinner in custody. Kirkendall entered the school, located Freeman hiding behind a counter, and arrested him. The alarm company representative discovered a tire iron at the scene which was admitted in evidence. This evidence was sufficient to support a finding of the necessary intent. *Carter v. State* (1976), 265 Ind. 535, 356 N.E.2d 220; *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841.

Appellants' remaining contention is that they were denied effective assistance of counsel because both were represented by the same attorney at trial. As our Supreme Court did in *Martin v. State* (1974), 262 Ind. 232, 314 N.E.2d 60, *cert. den.* 420 U.S. 911, we wish to underscore the potential dangers for a conflict of interest that arise when counsel is called upon to represent multiple defendants in a criminal prosecution. *See also*, ABA Standards Relating to The Prosecution Function and The Defense Function, Approved Draft 1971, § 3.5 pp. 211-214. When defense counsel discovers that such a conflict exists, that fact should be reported to the court. Moreover, we agree with the dictum in *Martin* that it would be entirely proper for the court to advise joint defendants that they are entitled to undivided loyalty from counsel and secure their express consent if joint counsel is to serve. Even then if a conflict appears the court should promptly appoint separate counsel to avoid the possible necessity of declaring a mistrial or having the case reversed upon appeal. Concededly, no such actions were taken in this case.

Thus, the question with which we are presented is whether it appears from the record that either or both defendants were denied effective assistance of counsel because a conflict of interest occurred when they were represented by the same attorney at trial. *Martin, supra.* We conclude that in this case no such conflict appears. At no point in the proceedings until the filing of a belated motion to correct errors did either defendant request separate counsel or disclose any dissatisfaction with their attorney. At the trial Skinner testified; Freeman did not. Skinner testified that he and Freeman had been at a party and left together to walk to Skinner's house. He stated they were both intoxicated, he more than Freeman. It was his testimony that as they passed through the school yard Freeman had to go to the toilet and the two entered the school through an open window for that purpose. Thus, his testimony attempted to negate for both defendants any felonious intent in entering the school. It discloses no apparent inconsistency of position either procedurally or substantively.

We therefore conclude that on the facts in this case appellants have failed to demonstrate the existence of a conflict of interest which deprived them of the effective assistance of counsel.

Affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE — Reported at 367 N.E.2d 19.