MICHAEL A. CASTANEDA *v.* STATE OF INDIANA

[No. 2-576A187. Filed February 21, 1978.]

*David W. Foley, Mullin, Foley & Gilroy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

WHITE, J. — Michael A. Castaneda was tried by the court and found guilty of second degree burglary. The information filed against him reads in pertinent part as follows:

> "* * * did then and there unlawfully, feloniously and burglariously break and enter into the building and structure of GOODWILL INDUSTRIES OF CENTRAL INDIANA INC., then and there situated at 3228 E. 10th St., City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said GOODWILL INDUSTRIES OF CENTRAL INDIANA INC., and to deprive said GOODWILL INDUSTRIES OF CENTRAL INDIANA INC. of the use and benefit of said property, then and there being * * *."

Castaneda concedes that the evidence proves he broke and entered the Goodwill store. He contends, however, that the evidence is insufficient to sustain a finding that he intended to steal property belonging to Goodwill, an essential element of the particular crime here charged. On this contention, we reverse.

The testimony of one of the apprehending police officers is that he and a fellow officer investigated "a second-degree burglary occurring at [a Goodwill store located at] 3228 East Tenth Street", Indianapolis, on July 2, 1975. The Goodwill store and a coin shop, both of which front on East Tenth Street, are in the same building. The coin shop occupies the southeast corner of the building and Goodwill's store is the shape of an L to the north and west of the shop. There is no door or window between the shop and the store. The only door and window of the coin shop are on its south side, on Tenth Street.

When the officers arrived they found a broken window on the west side of the Goodwill store near the rear and heard a pound-

ing inside the store. Looking through the front window they saw two men coming from the east to the west side of the store. The men, one of whom was Casteneda, were apprehended as they left by a rear door. Inside the Goodwill store the officers found a hole approximately two feet in diameter in the north wall of the coin shop (a south wall of Goodwill). Near the hole the officers found a duffel bag, a small sledge hammer, a chisel and other small hand tools which the testifying officer "supposed" (without objection) belonged to the intruders. There was no evidence that these objects belonged to Goodwill and no evidence that any Goodwill property was disturbed. Nor was there any express testimony indicating whether the incident occurred in the daytime or the nighttime, nor was there any direct evidence that the doors were closed before Castaneda and accomplice entered. However, the testimony that the window was broken is sufficient to support an inference that entry was made by breaking it. The only issue in this case is whether there is evidence sufficient to sustain the implied finding that Castaneda entered with intent to exert unauthorized control *over Goodwill's personal property*, which was the felonious intent charged.

*Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841, 842-843, speaks to an issue closely akin to this issue, but not at all the same issue. That Supreme Court opinion supersedes a Court of Appeals opinion (345 N.E.2d 869, 872) which had held that "the evidence does not support any inference that appellants intended to commit theft upon entering the building". That holding was based on the fact that "[t]here is no evidence that any property inside of the building was missing or disturbed in any manner". The Court of Appeals therefore reversed. Judge Garrard concurred because he felt bound to do so by Indiana Supreme Court precedent, including *Crawford v. State* (1968), 251 Ind. 437, 241 N.E.2d 795. He also wrote a concurring opinion in which he expressed agreement with Justice Arterburn's dissent in *Crawford* and opined that "[i]n the absence of evidence that the entry was made with some other intent, the intent to commit a felony may reasonably be inferred from the time and manner in which the entry was made."

When the Supreme Court granted Lisenko's petition to transfer Justice Arterburn wrote the majority opinion which overruled *Crawford v. State, supra,* and held that "[i]*n the absence of evidence that this forced entry was made with some lawful intent,* we think that the intent to commit a felony may be reasonably inferred from the time, force and manner in which the entry here was made." (355 N.E.2d at 842, our emphasis.)

We have no hesitancy in applying that rule to the case at bar and when we do it leads us to the conclusion that the trier of fact below had ample reason to infer from the evidence before him that Castaneda and his companion broke and entered Goodwill's store with intent to commit a felony, but not to commit the felony alleged, i.e., not the intent to steal Goodwill's property. There is no absence here, as there was in *Lisenko,* of evidence of an intent other than the intent charged. The State's uncontroverted evidence of what Castaneda and friend did after they entered supports only one reasonable inference of felonious intent: Intent to burglarize the coin shop. They were too busily and noisily engaged in the task of digging their way into the coin shop for theft of Goodwill's merchandise to have been their objective when they entered Goodwill's store. Such an inference is unreasonable. The evidence as to the structural relationship of the coin shop and the store makes obvious their reason for trying to break into the coin shop through the store. The coin shop had no door or window except on Tenth Street which we and the trial court judicially know is a well traveled vehicular artery. Fortunately for the coin shop proprietor their secluded digging spot in the "L" of the Goodwill store was not as isolated from public notice (auditory if not visual) as they apparently had supposed. Had Castaneda been charged with breaking and entering Goodwill's store with intent therein to feloniously and burglariously break and enter into the adjacent coin shop with intent to commit theft therein, the evidence would have proved that charge. But Castaneda has never been in jeopardy of that charge.

The judgment is reversed and the cause is remanded with direction to acquit and discharge the defendant as to the crime of which

he was convicted in this cause.

Reversed and remanded with directions.

Lowdermilk, J., participating by designation, concurs.

Sullivan, P.J., dissents with opinion.

## DISSENTING

SULLIVAN, P.J. — Were it not for recent decisions by our Supreme Court in *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841 and in *Carter v. State* (1976), 265 Ind. 35, 356 N.E.2d 220, I would find the logic of the majority position appealing if not persuasive. However, if we are to believe Mr. Justice Holmes, "The life of the law has not been logic: it has been experience." Holmes, *Common Law* 1 (1881). Thus the "experience" which is reflected in the above-cited decisions prevents, in my estimation, the implementation of the majority's logic.

The message I draw from *Lisenko* and *Carter, supra,* is that from evidence which alone reflects that a defendant forcibly broke and entered late at night or during early morning hours, a trier of fact may reasonably infer that the defendant intended to commit the crime of theft inside the premises which were entered. Concededly, *Lisenko* and *Carter* are couched in general terms of "intent to commit a felony" or "felonious intent", but the fact remains that Lisenko was charged with having the intent to commit the specific felony of theft.[1] Thus the mere breaking and entering was sufficient to supply the specific intent to commit theft therein.

Under the majority view here, the reasonableness of that inference disappears if there is evidence to show a different, albeit unlawful, intent, e.g., the burglary of an adjacent store. This approach seems to reject the possibility that the burglar had an intent to commit two felonies: (1) theft therein, i.e., stealing from Goodwill, an intent provided by the *Lisenko-Carter* inference and

---

1. Neither the opinion of the 3d District of the Court of Appeals in *Carter v. State*, reported at 345 N.E.2d 847, nor the superseding opinion by the Supreme Court on transfer, *supra*, discloses the particular felony Carter was alleged to have intended when he committed the second degree burglary.

(2) the burglary of the Coin Shop, a felony which arguably could not be committed within the Goodwill premises.[2]

The majority result appears to say that if there is evidence of an intent other than theft from the original premises entered, the intent provided by *Lisenko-Carter* reasoning is rendered unreasonable. It seems to me that if intent to steal from Goodwill could be reasonably inferred if the only evidence concerned the time and manner of the breaking and entering, the evidence of a possible or probable *additional* intent cannot make the original inference unreasonable. A trier of fact could reasonably conclude from the evidence of record here that defendant's only intent was to steal from the Coin Shop but a different trier of fact might conclude that Castaneda intended to steal from both places. Were it otherwise, the *Lisenko-Carter* inference resting upon mere evidence of entry and its manner and time, must be viewed unreasonable as a matter of law. I have already noted that our Supreme Court has instructed us to the contrary. They have told us that the inference is reasonable.

For these reasons I am compelled to dissent.

NOTE — Reported at 372 N.E.2d 1191.

---

2. The second degree burglary statute controlling the instant case required that the breaking and entering be done with intent to commit a felony *therein*. I.C. 35-13-4-4 (Burns Code Ed. 1975). The present law as contained in I.C. 35-43-2-1 (Burns Code Ed. Supp. 1977) does not eliminate the questions which are before us.

If a person stands physically within premises A, breaks through a common wall and reaches into premises B, he has burglarized premises B if he intends to commit a felony inside premises B. However, it is possible, as stated by the majority opinion here, that he has committed that burglary of premises B while "therein" premises A. But see *State v. Watson* (1964 Mo.), 383 S.W.2d 753 as directly contra.