John BATIE, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4–883A280.

Court of Appeals of Indiana, Fourth District.

June 18, 1984.

Rehearing Denied July 19, 1984.

Walter E. Bravard, Jr., Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Good, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

John Batie (Batie) appeals his convictions by the Marion Criminal Court of Attempted Burglary, a Class B felony,[1] and Resisting Law Enforcement, a Class A misdemeanor.

We affirm.

ISSUES

This appeal presents the following issues:

1. IC 35–43–2–1, our burglary statute, provides:
 A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant. *As amended by Acts 1982, P.L. 204, SEC. 36.*
 The attempt statute, IC 35–41–5–1 provides:
 (a) A person attempts to commit a crime when, acting with the culpability required for

1. Whether the evidence was sufficient to prove Batie intended to commit a felony after entering the dwelling.

2. Whether the prosecution used false evidence to obtain Batie's conviction.

FACTS

At approximately 11:30 P.M. one night, Batie and a companion began knocking on the door of a dwelling house on College Avenue in Indianapolis. They took turns, one standing by a car parked across the street from this home while the other knocked. They alternated knocking for between 15 to 20 minutes. The occupants awoke, called the police and went downstairs, one carrying a loaded gun.

Batie and his companion then kicked the door in just as the police arrived. Both took off running but were pursued and caught. The occupants then identified Batie and his companion as the perpetrators.

DISCUSSION AND DECISION

I.

Batie first argues there was no evidence introduced to show he intended to commit a felony after he entered the house.

 While it is true proof of a mere breaking and entry does not constitute evidence of intent to commit a felony, such intent may be inferred from the time, force and manner of entry if there is no evidence the entry was made with lawful intent. Circumstantial evidence that goes beyond the mere fact of breaking and entering may support the intent element. *Blow v. State,* (1983) Ind., 445 N.E.2d 1369; *Anderson v. State,* (1981) Ind., 426 N.E.2d 674;

commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.
(b) It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted. *As added by Acts 1976, P.L. 148, SEC. 1. Amended by Acts 1977, P.L. 340, SEC. 22.*

*Carter v. State,* (1976) 265 Ind. 535, 356 N.E.2d 220; *Lisenko v. State,* (1976) 265 Ind. 488, 355 N.E.2d 841; *Bartlett v. State,* (1984) Ind.App., 461 N.E.2d 1171; *Vaughan v. State,* (1983) Ind.App., 446 N.E.2d 1. The evidence here clearly establishes alternate knocking at the door for 20 minutes, unauthorized breaking and attempted entry, and flight from the scene. From these circumstances the trier of fact could reasonably infer Batie and his companion intended to commit a felony had they gained entry. *Bartlett,* slip op. at p. 2; *Bailey v. State,* (1982) Ind.App., 438 N.E.2d 22. There was substantial evidence on the intent element.

## II.

Batie next argues the prosecution denied Batie fundamental due process by introducing false evidence and testimony. Exhibit no. 4, a photograph taken from a window in the house looking toward the position where the witnesses testified they saw Batie and his companion during the alternate knocking sequence, was taken from another window of the bedroom other than the one through which the victims were looking that night. Exhibit no. 4 contained no tree limbs partially blocking the view. In other testimony the victims stated there were tree limbs partially blocking the view that night as they looked from another adjacent window. Further, the man testified the view shown in exhibit 4 was the exact view of the area where Batie and his companion were alternately standing while the knocking procedure took place.

Batie made no objection to the introduction of exhibit 4 nor did he move to strike the exhibit upon discovery the photograph was not taken through the same window the victims were looking that night. However, he argues reversal is required because the use of false testimony obviously denies the accused Fourteenth Amendment due process. *Giglio v. U.S.,* (1972) 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104; *Napue v. Illinois,* (1959) 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217.

Both *Giglio* and *Napue* involved prosecuting witnesses who falsely testified under oath they had not been offered favorable treatment by the prosecution in exchange for their testimony. The United States Supreme Court in both cases said the prosecution's offer of favorable intercession was a matter going to the credibility of these witnesses and their false testimony on the subject constituted a denial of due process. On the contrary, no such situation is apparent in this case. It merely involved the position from which exhibit no. 4 was taken and whether the occupants had a clear as opposed to obstructed view of the perpetrator's street position as they alternated knocking on the door, and whether the man's testimony the photograph was taken from the exact place where they were standing that night was accurate. Such issues involve the weight of the evidence, not fundamental due process questions.

 However, we cannot reach this issue. Batie made no objection to such testimony or evidence, no motion for mistrial was made nor were any of these matters mentioned in Batie's motion to correct errors. The failure to complain of alleged errors at trial in a timely fashion results in waiver of the issue. *Suggs v. State,* (1981) Ind., 428 N.E.2d 226; *McCraney v. State,* (1981) Ind., 425 N.E.2d 151. For this reason, Batie has waived this argument on appeal. We find no error.

Affirmed.

MILLER, J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I dissent.

The evidence presented to the trial court is insufficient to prove, beyond a reasonable doubt, that Batie attempted to break and enter the residence with the intent to commit theft.

In order to sustain a conviction for attempted burglary, the State's evidence must show that Batie committed a substan-

tial step towards (1) breaking; (2) entering; (3) the dwelling of Maxine Hill and David Helm; (4) with the intent to commit theft.

The evidence most favorable to the State shows that at approximately 11:30 p.m. on February 9, 1983 Batie and co-defendant Jerry Bartlett (Bartlett) alternated knocking at the front door of Maxine Hill's and David Helm's residence in Indianapolis. After continuing in this manner for about half an hour, Batie and Bartlett proceeded to break open the front door. The evidence also shows that upon breaking open the front door, Batie and Bartlett were confronted by Mr. Helm, who was pointing a gun at them. At about the same time, police officers arrived whereupon both men fled. Both were subsequently captured within a short distance and returned to the scene where they were identified by Ms. Hill and Mr. Helm as the two men who had forced open the door of the residence.

I believe this evidence fails to establish Batie's intent to commit theft. The matter of intent being "a mental state of the actor," the trial court must resort to reasonable inferences based upon examination of underlying facts and surrounding circumstances. *Lisenko v. State*, (1976) 265 Ind. 488, 355 N.E.2d 841, 843, *quoting Farno v. State*, (1974) 159 Ind.App. 627, 308 N.E.2d 724 at 725. *See Rowan v. State*, (1982) Ind., 431 N.E.2d 805. The relevant facts and surrounding circumstances in this case show merely that Batie and Bartlett forcibly kicked open the front door of the residence, fled upon being confronted by Mr. Helm, and were subsequently captured in the general vicinity of Mr. Helm's residence.

Although a breaking and entering under the facts here presented may be evidence of some unlawful purpose, whether that unlawful purpose or intent is to steal or to commit some other offense is a matter to be inferred from *all* the circumstances presented in addition to the breaking and entering.

Under the proper circumstances, felonious intent may be inferred from the time, manner, and force of the entry. The case most often cited for this proposition is *Lisenko v. State, supra*. *Lisenko* involved a forcible entry at approximately 4:00 a.m. In affirming the conviction, the supreme court there stated that absent an allegation of lawful intent, guilt could be inferred from the time, manner and force of entry coupled with defendant's statement to police at the time of apprehension. *Id.* 355 N.E.2d at 843. Similarly, where evidence of breaking and entering was present along with evidence that the interior of a house was ransacked, felonious intent to commit theft was established. *Jones v. State*, (1983) Ind., 456 N.E.2d 1025. *See Gaunt v. State*, (1983) Ind., 457 N.E.2d 211 (evidence of breaking and entering and possession of stolen goods); *Blackmon v. State*, (1983) Ind., 455 N.E.2d 586 (entrance through an unlocked window plus stacking together of certain articles near an exit); *Blow v. State*, (1983) Ind., 445 N.E.2d 1369 (breaking open of apartment doors, possession of tire iron at the scene plus flight sufficient to sustain conviction for attempted burglary); *Carter v. State*, (1976) 265 Ind. 535, 356 N.E.2d 220 (breaking and entering while armed with a revolver). The supreme court in *Lisenko* did not discuss the precise issue of whether evidence of an unlawful breaking and entering alone may give rise to the inference that the target crime was theft, as opposed to the lesser crime of criminal trespass, or of criminal mischief.[1]

In discussing the issue of specific intent, however, the supreme court has clearly stated that "the mere breaking and entering of a dwelling alone does not constitute evidence of intent to commit a felony." *Anderson v. State*, (1981) Ind., 426 N.E.2d 674, 676 (overruled by *Rhyne v. State*, (1983) Ind., 446 N.E.2d 970, on the question of sentencing procedure for an habitual offender). *Accord, Meadows v. State*, (1981) Ind., 428 N.E.2d 1232. *See Vaughan v. State*, (1983) Ind.App., 446 N.E.2d 1. Furthermore, the court noted that even

---

**1.** Ind.Code 35–43–2–2 and 35–43–1–2, respectively.

those "indirect inferences permitted in *Carter* and *Lisenko*" constituted "circumstantial evidence that goes beyond the mere fact of breaking and entering and may support the intent element." *Id.* at 676. Thus, a finding of breaking and entering, without more, does not support the existence of felonious intent much less specific intent to commit theft. The fact that Batie and his companion kicked in a door does not prove, beyond a reasonable doubt, that they intended to steal from within the premises.

The only other circumstance present in this case is the defendant's flight immediately after kicking open the front door. Although flight is generally admissible evidence of a consciousness of guilt, *Short v. State*, (1982) Ind., 443 N.E.2d 298; *Manna v. State*, (1982) Ind., 440 N.E.2d 473; *Bailey v. State*, (1982) Ind.App., 438 N.E.2d 22, that alone is insufficient to prove that the consciousness of guilt arose as a result of Batie's intent to commit theft and not as a result of his fear of being apprehended on a charge of criminal trespass. *See Faulkner v. State*, (1973) 260 Ind. 82, 292 N.E.2d 594 (overruled by *Carter v. State, supra,* on a separable issue). Therefore, this particular factual pattern might conceivably support a charge of criminal trespass or criminal mischief. For reasons stated, however, I cannot conclude that the State's evidence gave rise to an inference of felonious intent to commit theft.

It is entirely within the province of the legislature to make the mere breaking and entering of a dwelling punishable as a felony offense, or to enhance the penalty for criminal trespass and criminal mischief, neither of which it has chosen to do. The legislature clearly requires that the State prove each element of the charged offense. Evidence of the breaking and entering of a dwelling, without more, is insufficient to prove that the defendant, John Batie, possessed the requisite intent to commit theft within said dwelling.

The defendant's conviction for attempted burglary should be reversed.