Garrett CARTER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–8703–CR–287.

Supreme Court of Indiana.

April 12, 1988.

⚖️55

Scott L. King, Office of Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Garrett Carter was convicted in the Lake Superior Court, of Theft, a class D felony. The trial court further found him to be a habitual offender. The court sentenced Carter to an enhanced term of twenty (20) years imprisonment. Carter directly appeals raising solely sufficiency of the evidence.

As a court of review, we do not judge the credibility of witnesses nor reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact the verdict will not be overturned. *Loyd v. State*, (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed. 2d 105.

■ The facts show Carrie Lee Davis was employed at Zayre's Department Store in Merrillville, Indiana, as a security officer. On the morning of October 11, 1985, she observed a man remove a VCR from a display area, place it in a shopping cart, and move around the store. She then saw him push the cart with the VCR in it out of the door without attempting to pay for the VCR. Outside of the store, Davis approached Carter. He threw the VCR at her and ran to a car. As he drove away, Davis observed squad cars pursue the vehicle. When the police returned with Carter several minutes later, Davis identified him. At trial, another Zayre employee, corroborated Davis's testimony.

Merrillville Police Detective Paul DeHaven testified he and other officers drove to the Zayre parking lot after being notified of a suspected theft. While parked in the lot, DeHaven observed a black male run from the store with people chasing him. He saw the man enter a car and begin to drive away. DeHaven and other officers pursued the vehicle until it went out of control and crashed. The driver, later identified by DeHaven as Carter, was then

transported to the store where Davis and Smith identified him.

Carter admitted his presence in the store on the date at issue, but denied ever attempting to remove the VCR from the store. He claimed that after being rebuffed in his attempt to put the VCR on layaway, he left the store without the device when the store employee asked him to come with her.

Carter was observed taking a VCR from the store. When a store security officer approached Carter, he threw the VCR at the officer and fled. Police officers pursued Carter as he fled from the store and he was captured after a short chase. Flight from the scene of crime may be considered as circumstantial evidence of guilt. *Jones v. State* (1985), Ind., 485 N.E.2d 627, 628. The evidence is sufficient to support Carter's conviction for theft.

On August 10, 1987, Carter filed, *pro se*, a "Memorandum to brief" raising two additional allegations of error. He first asserts the trial court erred in finding him to be a habitual offender, claiming the proof of prior felonies is without the proper sequence. However, our review of the record shows that the State presented the trial court with properly certified documents showing that on August 26, 1972, Carter committed burglary and pistol no permit. He was convicted on March 25, 1974 and sentenced on March 29, 1974. The burglary conviction was reversed by the Court of Appeals (*Carter v. State* (1976), Ind.App., 345 N.E.2d 847), but affirmed in *Carter v. State* (1976), 265 Ind. 535, 356 N.E.2d 220. On November 1, 1977, Carter committed voluntary manslaughter for which he was convicted on August 28, 1978 and sentenced on September 15, 1978. These convictions, in addition to the instant theft conviction, are in proper sequence to uphold the habitual offender finding.

■ Carter next alleges the trial court erred in sentencing him to twenty years as an enhanced sentence for for being a habitual offender. The court stated at sentencing:

There was no threat to the personal safety to anyone in this case. That is important to the Court. However, Mr. Carter, although it is a property crime, it is still a crime. Your continued behavior would indicate that you do not appreciate the seriousness of continued violations of the law. I am not certain what the State is going to do with the additional charge pending against you. On this case, the Court can impose something less than the enhanced thirty (30) years for the habitual. The Court finds in aggravation the conviction for burglary on March 24th of 1984; conviction of carrying a pistol with no permit on March 29, 1974; conviction of voluntary manslaughter, September 14, (sic) 1978. The court imposes an enhanced sentence of twenty (20) years; orders defendant committed to the Department of Corrections for assignment to a proper institution.

We agree with Carter that the trial court improperly sentenced him or at least left unclear what his intention was. The habitual offender finding is not a separate charge and authorizes an enhancement of the sentence applied to the underlying felony. The trial court did not impose a sentence under Ind. Code § 35–50–2–7 for theft, class D felony, but gave only an "enhanced sentence" of twenty (20) years. The proper procedure is to sentence a defendant for theft and enhance that sentence. Therefore we remand this cause to the trial court for a proper sentencing order. The trial court is in all other respects affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.