ATTORNEY FOR APPELLANT
Amy K. Noe
Richmond, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ann L. Goodwin
Deputy Attorney General

Janine S. Huffman
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court

FILED
Jun 12 2012, 12:11 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 89S01-1109-CR-543

MICHAEL W. BAKER,                                    *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                    *Appellee (Plaintiff below).*

Appeal from the Wayne Circuit Court, No. 89C01-0809-FB-017
The Honorable David A. Kolger, Judge

On Transfer from the Indiana Court of Appeals, No. 89A01-1010-CR-536

**June 12, 2012**

**Dickson, Chief Justice.**

Defendant Michael W. Baker challenges the sufficiency of the evidence underlying his conviction for burglary. He contends that the State failed to adduce any evidence that would permit a reasonable jury to conclude that he acted with the requisite intent. We disagree and hold that there was sufficient evidence of intent to support the defendant's conviction.

On the morning of Monday, January 22, 2008, a member of Harvest Time Tabernacle Church visited the church to pray. The member was the only person present that morning and let himself in using his key to the church. Upon entering, the member proceeded downstairs to the basement where he noticed a broken window and blood nearby. The member then called the pastor of the church and the police, both of whom arrived shortly thereafter. Further inspection of the church revealed dents and scratches on the front door which were characterized by witnesses as pry marks, blood and glass near the front door, a lacerated window screen on another unbroken window, blood on the door leading into the church nursery, and several kitchen cabinets and drawers standing ajar with blood stains on the outside of them. No other evidence of the apparent intruder was discovered, and it appeared that nothing had been removed from the church. DNA collected from the scene matched that of the defendant, and the parties later stipulated that the defendant was the source of the DNA collected at the church.

The State charged the defendant with burglary of a structure used for religious worship with the intent to commit theft, a class B felony under Indiana Code Section 35-43-2-1(1)(B)(ii). The State also filed an Information[1] seeking to have the defendant sentenced, if convicted, as a habitual offender under Indiana Code Section 35-50-2-8 based on two of the defendant's unrelated felony convictions. The defendant pled "not guilty" to the burglary charge and pled "guilty" to the habitual offender charge. At his trial, the jury found the defendant guilty of class B burglary. The defendant has appealed his conviction on the ground that there was insufficient evidence to support a conviction for burglary. The Court of Appeals reversed the defendant's conviction for burglary, concluding that "[t]here is insufficient evidence of Baker's intent to commit theft within the church." Baker v. State, No. 89A01-1010-CR-536, 2011 WL 2436932, at *4 (Ind. Ct. App. June 17, 2011). We granted transfer and now affirm the defendant's conviction for burglary.

When reviewing a claim of insufficient evidence, an appellate court "considers only the evidence most favorable to the verdict and any reasonable inferences that may be drawn from that evidence. If a reasonable finder of fact could determine from the evidence that the defend-

---

[1] An "Information" is "[a] formal criminal charge made by a prosecutor without a grand-jury indictment." Black's Law Dictionary 849 (9th ed. 2009).

2

ant was guilty beyond a reasonable doubt, then we will uphold the verdict." Freshwater v. State, 853 N.E.2d 941, 942 (Ind. 2006) (citing Justice v. State, 530 N.E.2d 295, 296 (Ind. 1988)) (citations omitted) (internal quotation marks omitted). We do not reweigh the evidence or judge the credibility of witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005); Walker v. State, 442 N.E.2d 696, 698 (Ind. 1982). These evaluations are for the trier of fact, not appellate courts. In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented. Kidd v. State, 530 N.E.2d 287, 287 (Ind. 1988).

Burglary is the breaking and entering of the building or structure of another person with the intent to commit a specific felony therein.[2] Ind. Code § 35-43-2-1; Gilliam v. State, 508 N.E.2d 1270, 1270 (Ind. 1987); Yeagley v. State, 467 N.E.2d 730, 736 (Ind. 1984). The defendant admits that the evidence is sufficient to prove that he broke and entered the church, Appellant's Am. Br. at 4, but he argues that the State failed to produce any evidence that would support the inference that he broke and entered *with the intent to commit theft inside the church.*[3] He claims that the "evidence only establishes that [he] entered through a window, went to the kitchen, and opened cupboards and drawers" but not that he "rummaged through" them in any manner that would evince an intent to commit theft. *Id.* He also asserts that there is no evidence that he took anything or "went anywhere near valuable property." *Id.* The State responds that evidence suggesting that the defendant opened the cupboards and drawers in the kitchen is enough to support a reasonable inference that the defendant "was looking for something to steal" and thus enough to support an inference that he broke and entered the church with the intent to commit theft inside. Appellee's Br. at 5. We agree with the State.

"Burglars rarely announce their intentions at the moment of entry," Gilliam, 508 N.E.2d at 1271, and indeed many times there is no one around to hear them even if they were to do so. Hence, a burglar's intent to commit a specific felony at the time of the breaking and entering

---

[2]By statute, burglary is generally a class C felony. Ind. Code § 35-43-2-1. It is a class B felony, however, if "committed while armed with a deadly weapon" or the building or structure is a "dwelling" or the "structure [is] used for religious worship." *Id.* § 35-43-2-1(1). It is a class A felony if the burglary "results in: (A) bodily injury; or (B) serious bodily injury; to any person other than a defendant." *Id.* § 35-43-2-1(2). Here, Baker was charged with class B felony burglary because the structure was a church used for religious worship.

[3] Theft is a felony pursuant to Indiana Code Section 35-43-4-2(a).

"may be inferred from the circumstances." *Id.*; *see also* <u>Hampton v. State</u>, 961 N.E.2d 480, 487 (Ind. 2012) ("[T]he *mens rea* element for a criminal offense is almost inevitably, absent a defendant's confession or admission, a matter of circumstantial proof."); <u>Kondrup v. State</u>, 250 Ind. 320, 323–24, 235 N.E.2d 703, 705 (1968) ("[T]he intent to commit a felony may be inferred from the circumstances which legitimately permit it."). "Circumstantial evidence alone is sufficient to sustain a burglary conviction." <u>Kidd</u>, 530 N.E.2d at 287; *accord* <u>Cash v. State</u>, 557 N.E.2d 1023, 1025 (Ind. 1990) ("A conviction for burglary may be sustained by circumstantial evidence alone.").

Evidence of intent "need not be insurmountable," <u>Gilliam</u>, 508 N.E.2d at 1271, but there must be a "specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony," <u>Freshwater</u>, 853 N.E.2d at 944. The evidentiary *inference* pointing to the defendant's intent must be separate from the *inference* of the defendant's breaking and entering. <u>Justice</u>, 530 N.E.2d at 297; <u>Kondrup</u>, 250 Ind. at 323, 235 N.E.2d at 705. The inference of intent must not derive from or be supported by the *inference* of breaking and entering. In other words, the evidence must support each inference—felonious intent and breaking and entering—independently, and neither inference should rely on the other for support. This is not to say, however, that the same piece of evidence cannot support both inferences.

Requiring independent evidence of intent is necessary to maintain the distinction between burglary and other criminal offenses involving property invasion such as criminal trespass, Ind. Code § 35-43-2-2, or residential entry, Ind. Code § 35-43-2-1.5. Permitting the felonious intent element to be inferred from the inference of breaking and entering would render the intent element meaningless and read it out of the statute. *See* <u>Faulkner v. State</u>, 260 Ind. 82, 87, 292 N.E.2d 594, 596 (1973) ("If the Legislature had intended to punish a breaking and entry by itself, as we have here, they would not have added the second element of specific intent. A reading of the statute clearly indicates that both elements are included.").[4]

---

[4] <u>Faulkner</u> was explicitly overruled by <u>Carter v. State</u>, 265 Ind. 535, 537, 356 N.E.2d 220, 222 (1976), which found sufficient evidence of intent to commit a felony where there was evidence that a defendant broke and entered a beauty salon at 2:00 a.m. armed with a revolver. Though it does not explicitly acknowledge the similarity, <u>Carter</u> employs the same reasoning as <u>Lisenko v. State</u>, 265 Ind. 488, 355

Here, there was evidence that the defendant had been in the church kitchen and opened several cupboards and drawers while there. This evidence, standing alone, permits a reasonable inference of the defendant's felonious intent at the time of entry. Looking through the kitchen cupboards and drawers was not a necessary step in the act of breaking and entering the church. It was an additional act, separate and distinct from the breaking and entering, in which the defendant chose to engage. The opening of cabinets and drawers by an intruder suggests, among other things, that the person opening them was looking for something to take. From this, the jury reasonably could have concluded that the defendant broke and entered the church with an intent to commit theft. That there was no evidence that the defendant had rummaged through the drawers or cabinets, as the defendant argues, is of no consequence. The act of opening the drawers and cabinets alone was enough to support an inference of intent to commit theft. Evidence of rummaging would simply bolster the already reasonable inference of intent.

The defendant also argues that there is no evidence that he was near or approaching any valuable property while inside the church, drawing on brief discussions in Freshwater, 853 N.E.2d at 944–45 (declining to permit inference of intent to commit felony inside building where only evidence of intent was that defendant had been seen inside building at time of breaking and entering, but not seen near any valuable property, and fleeing after alarm sounded), and Justice, 530 N.E.2d at 297 (declining to permit inference of intent to commit specific felony from fact that defendant was seen wearing black socks on hands inside building he had broke and entered).

N.E.2d 841 (1976), which held that, "[i]n the absence of evidence that this forced entry was made with some lawful intent, we think that the intent to commit a felony may be reasonably inferred from the time, force, and manner in which the entry here was made." 265 Ind. at 490–91, 355 N.E.2d at 842–43. Both Lisenko and Carter, however, have been abrogated by subsequent pronouncements of this Court. *See* Justice, 530 N.E.2d at 297 (holding that "some fact in evidence must point to an intent to commit a specific felony" and finding insufficient evidence of an intent to commit a felony where defendant broke and entered the home of another and was found wearing socks over his hands); Gilliam, 508 N.E.2d at 1271 (distinguishing Lisenko and holding that there must be evidence providing a "solid basis to support a reasonable inference that the defendant intended to commit the underlying felony charged" and finding insufficient evidence of intent where only evidence was that defendant had broke and entered dwelling); *see also* Sumner v. State, 540 N.E.2d 1253, 1255 (Ind. Ct. App. 1989) ("The cleavage between Lisenko and Justice and Gebhart [v. State, 531 N.E.2d 211 (Ind. 1988),] is too strong to ignore. Lisenko and the numerous cases following it have been impliedly overruled."); Hahn v. State, 533 N.E.2d 618, 620–21 (Ind. Ct. App. 1989) ("Accordingly, to the extent that prior cases, beginning with Lisenko v. State, have held that intent to commit theft may be inferred by time and manner of entry, even when coupled with flight, they have been impliedly overruled." (citation omitted)). Accordingly, Faulkner remains good law.

Neither of these cases, however, should be understood to suggest that sufficient evidence of intent necessarily requires evidence that the defendant was near or approaching valuable property. A defendant's close proximity to valuable property *may* serve as an independent basis from which a reasonable inference of intent to commit a felony can be drawn. But, the absence of such evidence will not preclude conviction because the statutory definition of the crime of theft places no minimum threshold on the value of property necessary to constitute the felony. Ind. Code § 35-43-4-2(a) ("A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."). Thus, it is enough that in this case there was evidence that the defendant committed an act which could support an inference that he was searching for something to steal, no matter the value.

**Conclusion**

From this evidence presented, we conclude that a reasonable jury could have found beyond a reasonable doubt that the defendant committed breaking and entering of the church with the intent to commit theft. The judgment of the trial court is affirmed.

Sullivan, Rucker, David, and Massa, JJ., concur.