## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2017, 7:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| George Stigger,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 28, 2017<br><br>Court of Appeals Case No.<br>49A02-1612-CR-2822<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Linda E. Brown, Judge<br>The Honorable Peggy R. Hart, Magistrate<br><br>Trial Court Cause No.<br>49G10-1602-CM-5860 |

**Bradford, Judge.**

# Case Summary

[1] On February 6, 2016, Appellant-Defendant George Stigger entered a Lowe's store in Indianapolis, selected a faucet from the plumbing aisle, and fraudulently returned the faucet in exchange for a store gift/merchandise card valued at over $220.00. Stigger was subsequently charged with and convicted of Class A misdemeanor theft. On appeal, Stigger contends that the evidence is insufficient to sustain his conviction. Concluding otherwise, we affirm.

# Facts and Procedural History

[2] According to the store policy of Lowe's, when a customer wishes to make a return but does not have a receipt, the customer must present a valid driver's license/identification card to process the return. It often raises a red flag when a record of the original purchase cannot be located because the original purchase was allegedly made with cash. For such returns valued at over one hundred dollars, loss prevention officers automatically review store surveillance footage of the transaction to verify that the customer entered the store with the merchandise in question.

[3] On February 6, 2016, Stigger visited an Indianapolis-area Lowe's store with his friend, Eric Parson. Upon arriving at the store, Stigger and Parson entered through separate entrances. Neither Stigger nor Parson was holding any merchandise when they entered the store.

[4]     Approximately two minutes after entering the store, Stigger and Parson met in the plumbing aisle. Parson selected a Delta faucet from the display and placed it in his cart. Approximately eight minutes later, Stigger and Parson were observed walking toward the front of the store. By this time, the faucet had been placed in a gray plastic Lowe's bag.

[5]     Stigger approached the customer service desk and informed Lowe's associate Amy Fry that he needed to return the faucet but did not have a receipt. Stigger presented Fry with his driver's license so that Fry could process the return. Fry entered Stigger's information into the store's system. Fry completed the return and presented Stigger with a gift/merchandise card containing $245.03[1] in store credit. Stigger and Parson then left the store.

[6]     Subsequent review of the transaction confirmed that neither Stigger nor Parson had been in possession of the faucet when they entered the store. The review also confirmed that the faucet in question was stocked in the plumbing aisle, *i.e.*, the aisle in which Stigger and Parson were observed selecting the faucet. In addition, the review revealed that the information gleaned from the identification provided by Stigger matched Stigger's records with the Indiana Bureau of Motor Vehicles.

---

[1] The electronic receipt generated from the return indicates that Stigger was given a store gift/merchandise card valued at $245.03, with $229.00 for the value of the faucet and $16.03 for Indiana sales tax that would have been paid on the original purchase.

[7] On February 17, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Stigger with one count of Class A misdemeanor theft. On November 14, 2016, following a jury trial, Stigger was found guilty as charged. The trial court subsequently sentenced Stigger to a sixty-day term with credit for time served and the remaining fifty-eight days to be served on home detention. This appeal follows.

## Discussion and Decision

[8] Stigger contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor theft.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence

presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

[9] "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class A misdemeanor." Ind. Code § 35-43-4-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so. Ind. Code § 35-41-2-2(a).

[10] The charging information alleges that

> On or about February 6, 2016, [Stigger] did knowingly or intentionally exert unauthorized control over the property of LOWE[']S, to-wit: merchandise card with $229.00 in value, with the intent to deprive LOWE[']S of any part of the use or value of the property.

Appellant's App. Vol. II – Confidential, p. 17. Thus, in order to prove that Stigger committed the charged Class A felony theft, the State was required to prove that Stigger knowingly or intentionally exerted unauthorized control over a Lowe's gift/merchandise card containing $229.00 in Lowe's store credit.

[11] Store surveillance footage from the date in question indicates that neither Stigger nor Parson had the faucet on their person when they entered the store or

the aisle where the faucet was stocked. The store surveillance footage indicates, however, that upon exiting the aisle in question, Stigger and Parson have the faucet in a gray Lowe's plastic bag in their shopping cart. Stigger then approached Fry and indicated that he needed to make a return for which he did not have a receipt. Stigger presented Fry with the faucet and his driver's license, and Fry completed the return. Because Stigger indicated that the original purchase had been made with cash, Fry gave Stigger a Lowe's gift/merchandise card worth the $229.00 value of the faucet plus tax. Stigger and Parson then left the store with the gift/merchandise card.

[12] Upon review, we conclude that the evidence is sufficient to sustain Stigger's conviction for Class A misdemeanor theft. Stigger's claim to the contrary amounts to nothing more than an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

[13] The judgment of the trial court is affirmed.

Najam, J., and Riley, J., concur.