## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 25 2018, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randal Lee Coalter,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 25, 2018

Court of Appeals Case No.
62A05-1710-CR-2315

Appeal from the Perry Circuit Court

The Honorable Lucy Goffinet, Judge

Trial Court Cause No.
62C01-1703-MR-192

**Bradford, Judge.**

# Case Summary

[1] Following a jury trial, Randal Lee Coalter was found guilty of the murder of David Weedman.  On appeal, Coalter challenges the sufficiency of the evidence to sustain his conviction.  We affirm.

# Facts and Procedural History

[2] Coalter and Michelle Dukes were involved in a long-term "off-and-on relationship."  Tr. Vol. III, p. 141.  Both Coalter and Dukes knew Weedman and the three often spent time together at Weedman's home in rural Perry County.

[3] On the morning of March 1, the three were drinking alcohol and smoking methamphetamine at Weedman's home.  Later that day, Coalter and Dukes argued when Coalter accused Dukes of having sex with Weedman.  At some point during the argument, Coalter hit Dukes in the mouth hard enough to give Dukes "a mouth full of blood[.]"  Tr. Vol. III, p. 154.  Dukes ran from the home and asked Weedman to take her home.  Coalter, however, refused to allow Weedman to leave and forcibly pushed him back into the home.  From outside the home, Dukes could hear Coalter screaming at Weedman saying "Motherf[*****].  I knew you was a lying motherf[*****].  I knew you lied." Tr. Vol. III, p. 156.

[4] On March 4, 2017, Weedman's body was found in his home, "in the back living room, laid on his chest on the floor, in a coagulated pool of blood."  Tr.

Vol. IV, p. 118. Perry County Sheriff's Deputy Bradley Douglas observed that there "was a gun directly under his left hand." Tr. Vol. IV, p. 118. Deputy Douglas also observed that Weedman "had started to discolorate in his facial region and it appeared that he had been there for quite a long time." Tr. Vol. IV, p. 119.

[5] Although the deputy coroner initially ruled the cause of death to be suicide, at some point, an autopsy was conducted by Dr. John Allen Heidingsfelder. During the autopsy, Dr. Heidingsfelder discovered an entrance wound "behind [Weedman's] right ear." Tr. Vol. VI, p. 168. Dr. Heidingsfelder opined that suicide was unlikely as it "would be kind of difficult to hold the gun in your left hand and shoot yourself in the right side of your head." Tr. Vol. VI, p. 202. In light of oddities observed at the crime scene together with Dr. Heidingsfelder's report detailing the trajectory of the bullet through Weedman's skull, investigating officers changed their initial findings and recharacterized Weedman's death as a homicide.

[6] After Coalter and Dukes learned of Weedman's death, Coalter repeatedly instructed Dukes to "stick to the story. [Dukes] went this way and he went this way and [Weedman] was holding [his dog]." Tr. Vol. III, p. 172. At some point during the week following the discovery of Weedman's body, Coalter told Dukes "Yes, I did it. I killed [Weedman]. I told you I'd kill over you, and I'll do it again." Tr. Vol. III, p. 174. Coalter also admitted to Cierra Austin that he had killed Weedman. Coalter told Austin that after killing Weedman, he "put the gun in [Weedman's] hand." Tr. Vol. VI, p. 110.

On March 21, 2017, the State charged Coalter with murder. Coalter was found guilty following a jury trial. On September 8, 2017, the trial court sentenced Coalter to a sixty-year term of imprisonment.

# Discussion and Decision

Coalter contends that the evidence is insufficient to sustain his murder conviction.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original).

[9] Indiana Code section 35-42-1-1 provides that "[a] person who: (1) knowingly or intentionally kills another human being … commits murder, a felony." In charging Coalter, the State alleged that he knowingly or intentionally killed Weedman. Coalter argues on appeal that the Stated failed to present sufficient evidence to prove that he killed Weedman. We disagree.

[10] The evidence demonstrates that although investigators initially ruled Weedman's cause of death to be suicide, they subsequently changed the cause of death to homicide. The evidence also demonstrates that Coalter engaged in a violent confrontation with both Dukes and Weedman just prior to Weedman's death. Coalter was observed exiting the woods near Weedman's home on the day of the murder. In addition, two different witnesses testified that Coalter told them that he killed Weedmean. The jury was in the best position to judge the credibility of the evidence and the witnesses, and we will not reassess the jury's determination of credibility. *See Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002) (providing that upon review, appellate courts do not reweigh the evidence or assess the credibility of witnesses). The evidence presented during trial is sufficient to sustain Coalter's conviction. Coalter's challenge on appeal amounts to an invitation for us to reweigh the evidence, which we will not do. *See id*.

[11] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.