**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 22 2013, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JULIE P. VERHEYE**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE E. BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERRY LEE SLISZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1210-CR-530 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D08-1105-FC-101

**May 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant-defendant Jerry Lee Slisz appeals his conviction for Burglary,[1] a class C felony. Slisz claims that his conviction must be reversed because the trial court erred in refusing to give his tendered instruction on the presumption of innocence. Slisz also challenges the sufficiency of the evidence, claiming that the State failed to prove that he intended to steal anything from the vacant house that he entered.

We conclude that because Slisz's presumption of innocence was adequately set forth in the instructions that were given, the trial court did not err in refusing to give Slisz's proffered instruction. We also find that it was reasonable for the jury to infer that Slisz intended to commit theft when he entered the house. As a result, we affirm the judgment of the trial court.

FACTS

On May 26, 2011, at approximately 5:30 a.m., Peggy Clark arrived at her dry cleaning business in South Bend and turned on some equipment to get ready for the day. Clark then went to an alley at the rear of the store, ensured that the business's shed was secure and checked a vacant house that faced the rear of the business. Everything appeared to be intact, and Clark observed that the door to the vacant house was closed.

At approximately noon that same day, Clark heard voices in the alley, looked outside from the rear of the store, and saw two people walking through the alley. Clark then heard a "loud bang" that sounded "like a door being kicked in." Tr. p. 20. She went back outside and saw two people enter the vacant house. Clark called 911 and South

---

[1] Ind. Code § 35-43-2-1.

2

Bend police officer Greg Early was dispatched to the house. When Officer Early arrived, he noticed that the door frame was damaged, and it looked like the door had been kicked in and forced open. Two other officers arrived, and all three entered the house. They announced themselves as South Bend police officers and Officer Early secured the stairway to the basement while the other two officers conducted a sweep of the main level. All three officers then walked down to the basement.

The officers again identified themselves as South Bend police officers and ordered anyone in the house to "show themselves." Tr. p. 35. Officer Early scanned his flashlight in one of the basement rooms and observed two individuals "with their backs against the wall like frozen real stiff against each other." Id. at 37. Officer Early had to order them out several times before they appeared. Both men, one of whom was Slisz, were arrested.

Thereafter, a crime scene technician, David Modlin, arrived at the house and discovered a black bag in the basement that contained a hacksaw, a screwdriver, sandpaper, and a pipe wrench. Slisz admitted that the bag and its contents were his—but claimed that a few days earlier, "some man" had given him permission to enter the house. Id. at 100, 105. Slisz supplied no other information about that individual and made no effort to verify that he had permission to be in the residence. The house was owned by Ashley and Eric Neff and no one had their permission to be on the property. Slisz admitted that he intended to "scrap" any materials of value that he could remove from the house. Id. at 105.

3

On November 31, 2011, the State charged Slisz with burglary, a class C felony. After the evidence was presented, Slisz offered an instruction regarding the presumption of innocence, which the trial court refused to give. Slisz now appeals.

DISCUSSION AND DECISION

I. Instruction

Slisz contends that his conviction must be reversed because the trial court erred in refusing to give his tendered instruction on the presumption of innocence. Specifically, Slisz's tendered instruction provided that the jury should adopt an interpretation of the evidence that is consistent with a defendant's innocence if the evidence could be interpreted as pointing to either guilt or innocence.

The purpose of jury instructions is to inform the jury of the law applicable to the facts without misleading the jury and to enable the jurors to comprehend the case clearly and arrive at a just, fair and correct verdict. Overstreet v. Street, 783 N.E.2d 1140, 1163 (Ind. 2003). Instructing the jury lies solely within the trial court's discretion. Flake v. State, 767 N.E.2d 1004, 1007 (Ind. Ct. 2002). We will reverse the trial court's decision to instruct the jury only for an abuse of discretion. Buckner v. State, 857 N.E.2d 1011, 1015 (Ind. Ct. App. 2006).

A trial court erroneously refuses to give a tendered instruction, or part of a tendered instruction, if: (1) the instruction correctly sets out the law; (2) evidence supports the giving of the instruction; and (3) the substance of the tendered instruction is not covered by the other instructions given. Overstreet, 783 N.E.2d at 1164. Jury

4

instructions are to be considered as a whole and in reference to each other. Error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case. Flake, 767 N.E.2d at 1007.

In this case, Slisz tendered the following instruction:

> If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the accused, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which is consistent with the accused's innocence, and reject that which points to his guilt.

Appellant's App. p. 5.

The trial court refused to give this instruction and, instead, instructed the jury as follows:

> You should require that the proof be so conclusive and sure as to exclude every reasonable hypothesis of innocence.
>
> Under the law, you must presume that the defendant is innocent and must continue to do so throughout the trial, unless the state proves every essential element of the crime with which the defendant is proved [sic] beyond a reasonable doubt. Because he is presumed to be innocent, the defendant is not required to provide any explanation. You should attempt to fit the evidence to the presumption that the defendant is innocent and the theory that every witness is telling the truth. If, at the end of the trial, you have a reasonable doubt concerning the defendant's guilt, you must find him not guilty.
>
> The burden is upon the state to prove beyond a reasonable doubt that the defendant is guilty of the crime charged . . . . The evidence must overcome any reasonable doubt concerning the defendant's guilt. . . . If you find that there is a reasonable doubt that the defendant is guilty of the crime you must give the defendant the benefit of that doubt and find the defendant not guilty. . . . You should try to fit the evidence to the presumption that the defendant is innocent.

5

Tr. p. 167-69.

When examining the instructions that the trial court gave, it is apparent that the instructions adequately explained that the burden of proof was on the State and that it was the jury's duty to maintain the presumption of innocence, and attempt to fit the evidence into the theory that Slisz was innocent. In short, the substance of Slisz's proposed instruction was adequately addressed in the instructions that the trial court actually gave. Thus, we conclude that the trial court did not err in refusing to give Slisz's proffered instruction.

## II. Sufficiency of the Evidence

Slisz also challenges the sufficiency of the evidence. Specifically, Slisz argues that his burglary conviction must be reversed because the State failed to establish that he intended to commit theft when he entered the house.

When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), trans. denied. Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. Id.

Class C felony burglary is governed by Indiana Code section 35-43-2-1, which provides that "[a] person who breaks and enters the building or structure of another

6

person, with the intent to commit a felony in it, commits burglary, a class C felony." A burglary defendant's intent to commit a felony is a "matter that the jury can infer from the surrounding circumstances . . . [and] such intent may be inferred from the subsequent conduct of the defendant inside the premises." Jewell v. State, 672 N.E.2d 417, 427 (Ind. Ct. App. 1996).

In this case, because the State alleged that Slisz intended to commit theft when he entered the vacant house, it was required to prove that Slisz intended to exert unauthorized control over the property of another person, with the intent to deprive the other person of any part of its value or use. Ind. Code § 35-43-4-2. As discussed above, the evidence demonstrated that Clark initially observed that the door to the vacant house near her dry cleaning business was closed but that she later heard a sound like a door was being kicked. In fact, after Officer Early arrived, he noticed that the "door appeared to be kicked in." Tr. p. 20. When the police announced their presence and searched the house, Slisz was hiding in the basement and remained there even after he had been ordered out several times.

It was determined that the Neffs—the owners of the residence—had not given Slisz or the other individual who was apprehended, permission to be in the residence. The State also presented evidence from the South Bend Code (Code) Enforcement Director that the house was not on the demolition list. Id. at 45, 52-53, 137-38. Moreover, the Code does not permit the "scrapping" of homes that are on the list. Id.

7

Additionally, Slisz told the police officers that he intended to scrap any materials of value from the residence.  Id. at 105.  He also admitted that a bag of tools containing a hacksaw, screwdriver, sandpaper and a pipe wrench, belonged to him.  Id. at 100, 105.

Notwithstanding Slisz's contention that because there was no property of value in the house and, therefore, he could not have had the intent to steal, our Supreme Court observed in Baker v. State, that sufficient evidence of intent does not "necessarily require[ ] evidence that the defendant was near or approaching valuable property."  968 N.E.2d 227, 231 (Ind. 2012).  Rather, if there is evidence that the defendant committed an act which could support an inference that he was searching for something to steal, that is enough, regardless of any item's actual value.  Id.

Finally, under these circumstances, which included Slisz's statement that he was looking for things in the house that he might be able to "scrap," the tools he was carrying, and his attempt to conceal himself from the police officers, it was reasonable for the jury to infer that Slisz intended to commit theft when he entered the house.  As a result, we conclude that the evidence was sufficient to support Slisz's conviction for burglary, a class C felony.

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.