**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES TINZLEY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1303-CR-267 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley E. Kroh, Judge *Pro Tempore*
Cause No. 49G16-1211-CM-76679

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On November 1, 2012, Appellant-Defendant James Tinzley entered a Hardee's restaurant where his ex-girlfriend Sheree Washington was working. As Washington exited the restaurant's restroom, Tinzley forced her back into the restroom where he grabbed her by the hair and punched her in the chest and rib area, causing her pain. Tinzley then fled the restaurant. When Washington exited the restroom, she was holding the upper part of her chest and looked as if she had been crying. Washington reported that Tinzley had beaten her while in the restroom. Tinzley was charged with and convicted of Class A misdemeanor battery. On appeal, Tinzley contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor battery. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On the morning of November 1, 2012, Washington was working at a Hardee's restaurant in Indianapolis. As Washington exited the restaurant's restroom, she saw Tinzley. Tinzley approached Washington and forced her back into the restroom. While in the restroom, Tinzley accused Washington of slashing one of the tires on his vehicle. Tinzley grabbed Washington by the hair and punched her in her chest and rib area, causing Washington pain. Tinzley then fled the restaurant.

A few minutes later, Washington emerged from the restroom. Donald Woodbury, who had witnessed Tinzley force Washington into the restroom, noticed that Washington was holding the upper part of her chest and was whimpering and crying as if in pain. Woodbury observed that Washington's eyes were blurry and that she seemed to have trouble focusing.

2

Woodbury notified police after Washington told him that Tinzley had "just got finished beating her inside the restroom." Tr. p. 26.

On November 15, 2012, the State charged Tinzley with one count of Class A misdemeanor domestic battery and one count of Class A misdemeanor battery. Following a bench trial, Tinzley was found guilty of Class A misdemeanor battery. Tinzley was found not guilty of Class A misdemeanor domestic battery. The trial court imposed a sentence of 365 days with credit for time served and the remainder suspended. The trial court ordered that Tinzley serve the suspended portion of his sentence on probation. The trial court instructed Tinzley to complete twenty-six weeks of domestic violence counseling in addition to all standard conditions of probation. The trial court also instructed Tinzley to have no contact with Washington.

## DISCUSSION AND DECISION

Tinzley contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor battery.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana Code section 35-42-2-1(a) provides that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery." The offense is a Class A misdemeanor if it results in bodily injury to any other person. Ind. Code § 35-42-2-1(a)(1)(A). Any degree of physical pain may constitute bodily injury. *See Bailey v. State*, 979 N.E.2d 133, 142 (Ind. 2012). In challenging the sufficiency of the evidence to sustain his conviction for Class A misdemeanor battery, Tinzley argues that Washington's testimony is not believable because Washington is the complaining witness and her testimony is not corroborated by any other evidence in the record.

It is well-established that "[a] conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim." *Id.* at 135 (citing *Ferrell v. State*, 565 N.E.2d 1070, 1072-73 (Ind. 1991)). However, under the rule of incredible dubiosity, a defendant's conviction may be reversed if the sole witness presents inherently improbable testimony. *West v. State*, 907 N.E.2d 176, 177 (Ind. Ct. Ap. 2009). The "incredible dubiosity" test is a difficult standard to meet, one that requires great ambiguity and inconsistency in the evidence. *Edwards v. State*, 753 N.E.2d 618, 622 (Ind. 2001). "For

4

testimony to be so inherently incredible that it is disregarded based on a finding of 'incredible dubiosity,' the witness must present testimony that is inherently contradictory, wholly equivocal or the result of coercion, and there must also be a complete lack of circumstantial evidence of the defendant's guilt." *Clay v. State*, 755 N.E.2d 187, 189 (Ind. 2001). Thus, before a court can interfere with the fact-finder's authority to judge witness credibility and evaluate evidence, the court must be presented with testimony which "'runs counter to the human experience,'" and is "so convoluted and/or contrary to human experience that no reasonable person could believe it." *Edwards*, 753 N.E.2d at 622 (quoting *Campbell v. State*, 732 N.E.2d 197, 207 (Ind. Ct. App. 2000)). Washington's testimony does not meet this standard.

Washington testified at trial that after forcing her into the restroom, Tinzley grabbed her by the hair and punched her in the chest and rib area, causing her pain. Washington's testimony was corroborated, in part, by Woodbury who testified that he saw Tinzley place Washington "in like a headlock" and force her into the restroom. Tr. p. 30. A few minutes later, Woodbury saw Tinzley exit the restroom and flee the restaurant. When Washington emerged from the restroom, Woodbury observed that she was holding her upper chest as if she were in pain. Woodbury also observed that Washington was whimpering and that her eyes looked as if she had been crying. This testimony is sufficient to establish that Tinzley committed Class A misdemeanor battery.

Moreover, contrary to Tinzley's claim on appeal, Washington's testimony was not incredulously dubious. Washington's testimony did not run counter to the human experience.

*See Edwards*, 753 N.E.2d at 622. It was not so convoluted that no reasonable person could believe it, inherently contradictory, or wholly equivocal. *See id.*; *Clay*, 755 N.E.2d at 189. In addition, nothing the record suggests that Washington's testimony was the result of coercion. *See Clay*, 755 N.E.2d at 189. To the contrary, Washington's testimony was consistent and unequivocal. Tinzley's claim on appeal effectively amounts to an invitation to reweigh the evidence, which we will not do. *Stewart*, 768 N.E.2d 433 at 435.

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.