Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**KURT A. YOUNG**
Nashville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD L. JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1308-CR-423 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49G02-1207-FB-36705

**April 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Richard L. Jones was convicted following a jury trial of burglary[1] as a Class B felony and his sentence was enhanced on the finding that he was an habitual offender.  On appeal, Jones contends that there was insufficient evidence to support his conviction for burglary.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 12, 2010, Yvonne Williams was away from her Marion County home between the hours of 5:00 a.m. and 9:15 a.m.  Both doors to Williams's home were locked when she left.  Upon returning, Williams noticed that two televisions were missing.  Further investigation revealed that a window on the north side of her house was broken and a brick was lying on the floor of the room just inside the window.

In response to Williams's call, Officers Phillip Reid and Chris Gardener of the Indianapolis Metropolitan Police Department arrived.  Officer Reid examined the broken window and found droplets of blood on the window blinds, which were broken and hanging outside the window.  Officer Reid cut a portion of blinds to test for DNA.  Shelly Crispin, a forensic scientist with the Indianapolis Marion County Forensic Services Agency, performed DNA tests on the piece of window blind containing the blood.  The test revealed DNA, which could not immediately be matched to a suspect.

About a year later, in September 2011, the detective assigned to investigate Williams's burglary received word that as a result of new blood evidence, Jones had been determined to be a suspect in that case.  The detective obtained a search warrant and

---

[1] *See* Ind. Code § 35-43-2-1.

2

obtained a buccal swab from Jones. The DNA from the buccal swab was compared to the DNA from the blood found on the window blinds. The two samples were a match to a scientific certainty.

In July 2012, Jones was charged with Class B felony burglary and Class D felony theft. At that time, Jones was incarcerated in the Department of Correction ("DOC") for an unrelated charge. The trial court ordered Jones transported from the DOC, and at his initial hearing, Jones entered a plea of not guilty and was appointed counsel.

Three months later, the State filed an habitual offender information against Jones. That information was later amended to accurately reflect the dates of Jones's prior convictions. A jury trial was held in July 2013, at the end of which the jury found Jones guilty of burglary but not guilty of theft. Thereafter, in open court, Jones pleaded guilty to the habitual offender information. The trial court sentenced Jones to fifteen years for the burglary conviction, and his sentence was enhanced by fifteen years because of the habitual offender adjudication, for a total sentence of thirty years executed in the DOC. Jones now appeals.

## DISCUSSION AND DECISION

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Oster v. State*, 992 N.E.2d 871, 875 (Ind. Ct. App. 2013), *trans. denied* (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)). It is the fact-finder's role to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We consider conflicting evidence in the light most favorable to the trial court's ruling. *Id.* We

affirm the conviction unless no reasonable fact-finder could find that the elements of the crime were proven beyond a reasonable doubt. *Id.*

To convict Jones of burglary as a Class B felony, the State had to prove that he broke and entered the dwelling of another person, with the intent to commit a felony therein. Ind. Code § 35-43-2-1. Jones does not contest that Williams's home satisfied the element of being a dwelling. Instead, Jones contends that the evidence was insufficient to sustain his conviction because the State failed to prove that he broke or entered the dwelling. *Appellant's Br.* at 5. Specifically, Jones contends that the only thing proven by the State's evidence "was that Jones had been present at the scene on the day in question. There is no showing that he either broke or entered the residence. He was not seen inside, entering or exiting the house, and he was not seen in possession of the televisions." *Id.* at 6.

The State presented evidence that Williams came home after a four-hour absence and noticed that her two televisions were gone. Further investigation revealed that her doors were still locked but that a window on the north side of her house had been broken by someone throwing a brick through the window. Blinds that had been inside the window were broken and hanging outside the window. Police discovered blood on the window blinds. Testing revealed that the DNA in the blood sample matched the DNA in Jones's buccal swab to a scientific certainty.

Jones contends that this evidence left the jury to merely speculate as to how the blood got onto the window blinds, and offers the following as possible scenarios: Jones could have walked down the alley with a cut hand and touched the blinds hanging *outside* the window; Jones could have had a bloody nose and sneezed on the blinds; or he could

4

have had a cut hand and moved the blinds aside. *Appellant's Br*. at 8. He maintains that because there was an absence of blood anywhere else in the house, the conclusion that is least likely is that he broke the window, climbed into the home, and stole the televisions. *Id*. It is the job of the fact-finder to assess credibility of witnesses and weigh the evidence to determine whether a defendant is guilty of the crime charged. There was sufficient evidence from which the jury could reasonably have inferred that Jones broke the window and entered Williams's home.

While Jones makes no argument regarding intent, the State also presented sufficient evidence to prove that Jones entered the home with the intent to commit theft therein. Ind. Code § 35-43-2-1. In a recent discussion on the topic of proving intent in the burglary context, the Indiana Supreme Court wrote:

> Burglars rarely announce their intentions at the moment of entry, and indeed many times there is no one around to hear them even if they were to do so. Hence, a burglar's intent to commit a specific felony at the time of the breaking and entering may be inferred from the circumstances. Circumstantial evidence alone is sufficient to sustain a burglary conviction.
>
> Evidence of intent need not be insurmountable, but there must be a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony. The evidentiary inference pointing to the defendant's intent must be separate from the inference of the defendant's breaking and entering. The inference of intent must not derive from or be supported by the inference of breaking and entering. In other words, the evidence must support each inference— felonious intent and breaking and entering—independently, and neither inference should rely on the other for support. This is not to say, however, that the same piece of evidence cannot support both inferences.
>
> Requiring independent evidence of intent is necessary to maintain the distinction between burglary and other criminal offenses involving property invasion such as criminal trespass, Ind. Code § 35-43-2-2, or residential entry, Ind. Code § 35-43-2-1.5. Permitting the felonious intent element to be

5

inferred from the inference of breaking and entering would render the intent element meaningless and read it out of the statute.

*Baker v. State,* 968 N.E.2d 227, 229-30 (Ind. 2012) (footnotes omitted) (citations and parentheticals omitted) (quotation marks omitted).

A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony. Ind. Code Ann. § 35-43-4-2. Jones's blood on the window blinds placed him at the scene of the burglary. The occurrence of a theft was supported by the evidence that, upon returning to her home, Williams discovered a broken window and also found that her two televisions were missing. The fact that the window blind was outside the broken window supported an inference that the thief was leaving Williams's home. The evidence that the televisions were missing and that Jones entered the home by way of the window is sufficient to sustain a finding that he entered the home with the intent to commit a felony therein. We find that the jury could have reasonably concluded that Jones was guilty of burglary beyond a reasonable doubt.

Affirmed.

MAY, J., and BAILEY, J., concur.