## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 30 2015, 8:46 am
*Kevin S. Smith*
CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Jeffrey E. Stratman
Aurora, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Patrick C. Garvey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 30, 2015

Court of Appeals Case No.
15A04-1503-CR-93

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No.
15C01-1210-FB-56

**Crone, Judge.**

# Case Summary

Patrick C. Garvey challenges the sufficiency of the evidence supporting his class B felony burglary conviction. Specifically, he asserts that the State failed to establish that he intended to commit theft inside the victim's dwelling and asks that we reverse his burglary conviction and order modification to class D felony residential entry. Finding the evidence sufficient to support the jury's determination that he intended to commit the felony of theft inside the dwelling, we affirm his conviction.

# Facts and Procedural History

On October 8, 2012, Daniel Blackaby and his brother Mark Blackaby pulled into their driveway and noticed a strange vehicle parked in front of their uncle's driveway nearby. They knew that their uncle was in Kentucky for the day, so they drove over to investigate. They pulled in directly behind the suspicious vehicle, and Daniel walked behind the house to the garage and observed that his uncle's truck was not there. When he turned to face the house, he noticed that the glass in the back door had been shattered. He saw a tall man, later identified as Garvey, walking quickly toward the driveway. The brothers attempted to prevent Garvey from leaving, but he got in his vehicle and sped around the house and away from the property.

The brothers noted Garvey's license plate number and called the police. Investigators found large rocks and shattered glass on the floor by the broken back door. They discovered the bedroom dresser drawers in disarray, with

clothing items on the floor and protruding from half-opened drawers. They also found the bed sheets rumpled and thrown back. They discovered blood on an item inside one of the drawers and on a tax document sticking out of another drawer. The victim later determined that no property had been taken.

[4] Each of the brothers separately identified Garvey from a photographic array, and DNA testing showed that the blood found at the crime scene was Garvey's. The victim did not know Garvey and did not give him permission to enter his home.

[5] The State charged Garvey with class B felony burglary, and a jury found him guilty as charged. He now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[6] Garvey maintains that the evidence is insufficient to support his conviction. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id*. (citation omitted).

[7] Pursuant to Indiana Code Section 35-43-2-1(1)(B)(i) (1999), the State alleged that Garvey committed class B felony burglary by breaking and entering the

victim's dwelling with intent to commit the felony of theft in it. Garvey admits that he broke and entered the victim's home but submits that the evidence is insufficient to establish that he intended to commit theft once inside.

[8] In the factually similar case of *Baker v. State*, the defendant challenged the sufficiency of evidence to establish his intent to commit the felony of theft in conjunction with his breaking and entering a church. 968 N.E.2d 227, 228 (Ind. 2012). In affirming Baker's burglary conviction, our supreme court noted that although it appeared that nothing had actually been removed from the church, his bloodstains on the outside of cupboards and drawers left ajar indicated that he had been present in the kitchen and had opened several drawers and cupboards. *Id.* Concerning the importance of circumstantial evidence in establishing reasonable inferences of felonious intent, the *Baker* court reasoned,

> Burglars rarely announce their intentions at the moment of entry, and indeed many times there is no one around to hear them even if they were to do so. Hence, a burglar's intent to commit a specific felony at the time of the breaking and entering may be inferred from the circumstances …. Evidence of intent need not be insurmountable, but there must be a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony. The evidentiary *inference* pointing to the defendant's intent must be separate from the *inference* of the defendant's breaking and entering …. In other words, the evidence must support each inference—felonious intent and breaking and entering—independently, and neither inference should rely on the other for support.

968 N.E.2d at 229-30 (citations and internal quotation marks omitted).  The *Baker* court concluded that the defendant's "act of opening the drawers and cabinets alone was enough to support an inference of intent to commit theft. Evidence of rummaging would simply bolster the already reasonable inference of intent." *Id.* at 231.

[9]     Here, the photographic exhibits show open dresser drawers with items spilling out and items on the floor.  They show Garvey's blood on at least one item inside a drawer and on a tax document protruding from another drawer.  They also show bed sheets rumpled and thrown back.  This evidence indicates that Garvey not only opened up the drawers but also rifled through them as well as through the bedding.  Based on the foregoing, we conclude that the evidence is sufficient to support a reasonable inference that Garvey, having broken and entered the victim's dwelling by shattering a glass door, ransacked the bedroom searching for items to steal.  The fact that he left emptyhanded does not vitiate his felonious intent.  Consequently, we affirm.

[10]    Affirmed.

May, J., and Bradford, J., concur.