# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 17 2016, 7:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Glenn A. Grampp
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

Breanna Heilicher
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tory D. Ward,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

November 17, 2016

Court of Appeals Case No. 82A01-1512-CR-2280

Appeal from the Vanderburgh Superior Court

The Hon. Robert J. Pigman, Judge

Trial Court Cause No. 82D03-1506-F2-3447

**Bradford, Judge.**

# Case Summary

On October 30, 2015, Appellant-Defendant Tory D. Ward was found guilty, following a jury trial, of Level 2 felony dealing in methamphetamine and Level 2 felony dealing in a schedule 1 controlled substance, ethylone. Ward, however, was found not guilty of Level 5 felony trafficking with an inmate. Ward appeals his convictions, contending that the evidence is insufficient to sustain his convictions. Concluding that the evidence is sufficient to sustain both convictions, we affirm.

# Facts and Procedural History

Around May 27, 2015, Jordan Best met Ward and between that date and the day of the arrest, June 13, 2015, the two sold methamphetamine together. On June 8, 2015, Best and Ward left for Texas along with Erin Lance, another dealer for Ward. Best was told that they were going to Texas to get more methamphetamine to sell because their supply had run out. Lance was given a similar reason for going to Texas in that they were going to network and "check out some prices and basically just trying to bring stuff back." Tr. p. 267. The three of them stayed with Ward's family while in Texas. At one point, Ward

returned to his family's house with an ounce of MDMA[1] and "Molly"[2] for him, Best, and Lance to try. Tr. p. 410-11.

[3] On June 13, 2015, the trio left Texas and stopped at Ward's sister's house before returning to Evansville. When Ward got back in the car from his sister's house he had four ounces of "Molly." As the trio approached Evansville, they were stopped by police. At this point, Ward threw the "Molly" on Lance's lap and "demanded her to take it." Tr. p. 416. Lance hid the drugs in her pants, but when a female police officer approached to search her, Lance gave the police the drugs. Additionally, there was a K-9 officer that indicated the presence of drugs in the vehicle. After the stop, Best and Ward were taken to the Vanderburgh County jail. At the jail, Ward was searched by Corrections Officer Jeremy Elliot. During the search, Elliot found a bag "between [Ward's] buttocks" that contained about twenty-six grams of a white crystal substance. Tr. p. 351.

[4] Rebecca Nickless, a Forensic Scientist with the Indiana State Police Lab, analyzed the drugs involved in this case. She found that the bag of drugs retrieved from Ward's person, labeled as State's Exhibit #1, contained ethylone

---

[1] "3,4-methylenedioxy-methamphetamine (MDMA) is a synthetic drug that alters mood and perception (awareness of surrounding objects and conditions)." It is more commonly called Ecstacy or Molly. *DrugFacts–MDMA (Ecstacy/Molly)*, DRUGFACTS, https://www.drugabuse.gov/publications/drugfacts/mdma-ecstasymolly (last visited Nov. 1, 2016).

[2] "Molly, experts say, contains all [or pure] MDMA in a crystalline powder contained in a capsule." *What is Molly? Why is it Dangerous?*, NBC NEWS, http://www.nbcnews.com/health/health-news/what-molly-why-it-dangerous-n311291 (last visited Nov. 3, 2016).

and had a net weight of 23.38 grams. State's Exhibits #2 and #3, the drugs found on Lance, were analyzed as well. State's Exhibit #2 was ethylone and had a net weight of 111.37 grams. Finally, State's Exhibit #3 contained pills made from methamphetamine and weighed over 10 grams which was more than is required under law to meet the statutory elements.[3] Tr. p. 385-86.

On June 15, 2015, the Appellee, the State of Indiana ("the State"), charged Ward with Level 2 felony dealing in methamphetamine, Level 2 felony dealing in a schedule 1 controlled substance, ethylone, and Level 5 felony trafficking with an inmate.

Following trial, the jury found Ward guilty of Level 2 felony dealing in methamphetamine and Level 2 felony dealing in a schedule 1 controlled substance, ethylone, but not guilty of Level 5 felony trafficking with an inmate. On November 24, 2015, the trial court sentenced Ward to an aggregate sentence of twenty-six years of incarceration.

# Discussion and Decision

On appeal, Ward argues that the evidence is insufficient to sustain his convictions for Level 2 felony dealing in methamphetamine and Level 2 felony dealing in a schedule 1 controlled substance, ethylone, because the State failed

---

[3] There was a variance in the weight of the drugs when weighed, at least 10.16 grams and possibly as much as 10.68 grams. This variance was attributed to uncertainty in the balance of the scale.

to prove that he had actual or constructive possession of the drugs that were found on Lance's person. Additionally, Ward argues that the evidence is insufficient to sustain a conviction of Level 2 felony dealing in a schedule 1 controlled substance, ethylone, because it was not proven that the chemicals present in State's Exhibit #1, which was found "between [Ward's] buttocks" were prohibited by law. Tr. p. 351.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State,* 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original).

[8] Indiana Code section 35-48-4-1.1(a)(2) provides, in relevant part, as follows:

> (a) A person who:
> …
> (2) possesses, with intent to:

> ...
>> (C) deliver
>>> ...
> methamphetamine, pure or adulterated; commits dealing in methamphetamine, a Level 5 felony, except as provided in subsections (b) through (e).
>
> (b) A person may be convicted of an offense under subsection (a)(2) only if:
>> (1) there is evidence in addition to the weight of the drug that the person intended to manufacture, finance the manufacture of, deliver, or finance the delivery of the drug.
>> ...
> (e) The offense is a Level 2 felony if: (1) the amount of the drug involved is at least ten (10) grams.

[9] Indiana Code section 35-48-4-2(a)(2) provides, in relevant part, as follows:

> (a) A person who:
>> ...
>> (2) possesses, with intent to:
>>> ...
>>>> (C) deliver
>>>>> ...
> a controlled substance, pure or adulterated, classified in schedule I, II, or III, except marijuana, hash oil, hashish, salvia, or a synthetic drug; commits dealing in a schedule I, II, or III controlled substance, a Level 6 felony, except as provided in subsections (b) through (f).
>
> (b) A person may be convicted of an offense under subsection (a)(2) only if:
>> (1) there is evidence in addition to the weight of the drug that the person intended to manufacture, finance the manufacture of, deliver, or finance the delivery of the drug; or
>> ...
> (f) The offense is a Level 2 felony if: (1) the amount of the drug involved is at least twenty-eight (28) grams.

# A. Possession of Drugs

[10] Ward argues that the evidence is insufficient to prove he had actual or constructive possession of the drugs which were found on Lance's person during the search of the vehicle. In support of this argument, Ward claims that the State did not obtain any of Ward's fingerprints from the drugs or obtain a statement from him indicating that he even knew of the drugs' presence. However, all of the testamentary evidence indicates that the drugs were brought into the car by Ward and that he threw them on Lance when they were pulled over by the police. This is supported by testimony from both Lance and Best, who were in the backseat of the car at the time.

[11] In this case, it is not necessary to reach constructive possession and delve into the various elements required to find such. Based on the facts as found by the jury, Ward had actual possession of the drugs in question. Both Lance and Best testified that Ward brought the drugs into the car. In addition, Lance and Best testified that when they were stopped by the police Ward dropped the drugs on Lance's lap and demanded that she hide them. Finally, the drugs found "between [Ward's] buttocks" provide additional support for a reasonable inference that Ward knew of the other drugs that were found in the car, namely methamphetamine and ethylone. Tr. p. 351.

# B. Chemical Makeup of Substance

[12] In challenging his conviction of Level 2 felony dealing in a schedule 1 controlled substance, ethylone, Ward claims that the State did not prove that

the chemicals present in that item were prohibited on schedule 1 of the controlled substances. We disagree.

[13] During trial, Nickless testified that she had tested the drugs in question and found them to contain ethylone. She testified that ethylone is classified as a Schedule 1 drug under the synthetic drugs provision of the statute. Tr. p. 373. This testimony is sufficient to support a reasonable inference that Ward was dealing in a schedule 1 controlled substance, ethylone, and so it is enough to support the conviction.

[14] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.