## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2016, 9:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carlos D. Bell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 19, 2016 <br><br> Court of Appeals Case No. <br> 02A03-1606-CR-1242 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Judge <br><br> Trial Court Cause No. <br> 02D04-1507-F5-216 |

**Barnes, Judge.**

## Summary

Carlos Bell appeals his conviction for Level 5 felony battery. We affirm.

## Issue

Bell presents one issue for our review, which we restate as whether the State's evidence was sufficient to support his conviction for Level 5 felony battery by means of a deadly weapon.

## Facts

At approximately 3:00 a.m. on July 11, 2015, Peggy Luciano was sitting on the porch of her Allen County home with Clemmie Trigg, Richard Perry, and a man named James. Luciano used to date Bell, and they previously lived together. While Luciano and the others were sitting on the porch, Bell pulled up in front of the house and began yelling profanities at Luciano. Bell and Luciano approached each other on the sidewalk, and Luciano observed Bell ball up his fist and then felt his hand "connecting with [her] face." Tr. p. 34. Trigg, Perry, and James ran to Luciano, and Bell returned to his car and drove away, striking James with his vehicle as he did so.

Approximately thirty minutes later, Bell returned to Luciano's house on foot. Trigg noticed that Bell was holding his side as if he was carrying a weapon. Bell and Luciano argued, Bell tried to "snatch" Luciano's watch off of her hand, and Bell hit Luciano multiple times. Trigg and Perry attempted to grab Bell, who ran away, and they chased him. Trigg and Perry "scuffled" with Bell. *Id.* at 55. While the three men fought, Perry observed something sharp in Bell's

hand. He later heard something hit the ground when Bell tossed it. After Trigg and Perry subdued Bell, Trigg held Bell down while Perry called the police. Perry told the 911 dispatcher that Bell was trying to stab him and Trigg.

[5] After the police arrived and detained Bell, Trigg noticed he felt as though he "got hit with [] a brick in [his] side." *Id.* at 58. When he pulled up his shirt, he noticed that he had three punctures in his side. The wounds were consistent with having been stabbed. At the time of Bell's trial, Trigg still had marks on his body as a result of his injuries. The police recovered a knife from underneath the car behind which Trigg and Bell had been fighting.

[6] The State charged Bell with Level 5 felony battery and two counts of Level 6 felony domestic battery. The State later dismissed one count of domestic battery. A jury found Bell guilty of the remaining charges. The trial court sentenced Bell to an aggregate sentence of six years with one year suspended to probation. Bell now appeals.

# Analysis

[7] Bell contends the State's evidence was not sufficient to support his conviction for Level 5 felony battery.[1]

> When reviewing a claim of insufficient evidence, an appellate court considers only the evidence most favorable to the verdict and any reasonable inferences that may be drawn from that

---

[1] Bell does not challenge his conviction for domestic battery.

evidence. If a reasonable finder of fact could determine from the evidence that the defendant was guilty beyond a reasonable doubt, then we will uphold the verdict. We do not reweigh the evidence or judge the credibility of witnesses. These evaluations are for the trier of fact, not appellate courts. In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented.

*Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (quotations omitted) (citations omitted).

In order to convict Bell of battery as a Level 5 felony, the State was required to prove he knowingly or intentionally touched Trigg in a rude, insolent, or angry manner with a deadly weapon. *See* Ind. Code § 35-42-2-1(c)(1) and (g)(2). Bell challenges only the sufficiency of the evidence as it relates to the mens rea element. He argues that no one witnessed him consciously stab Trigg or engage in an act that would indicate he was aware of a high probability he was stabbing Trigg.

Knowledge and intent are both mental states and, absent an admission by the defendant, the trier of fact must resort to the reasonable inferences from both the direct and circumstantial evidence to determine whether the defendant has the requisite knowledge or intent to commit the offense in question. Accordingly, knowledge or intent may be proven by circumstantial evidence, and it may be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points.

*Stokes v. State*, 922 N.E.2d 758, 764 (Ind. Ct. App. 2010) (citations omitted), *trans. denied*.

Here, the State presented evidence that Bell fought or scuffled with Trigg and Perry and that he did so while holding a sharp object in his hand. That sharp object was later identified as a knife. Perry told the 911 dispatcher that Bell was attempting to stab Perry and Trigg. Finally, the altercation in which Bell participated while holding the knife resulted in Trigg suffering three puncture wounds. We conclude that, based on this evidence, the jury could reasonably infer that Bell knowingly or intentionally stabbed Trigg. The evidence is thus sufficient to support Bell's conviction for Level 5 felony battery.

## Conclusion

The State's evidence is sufficient to support Bell's conviction for Level 5 felony battery. We affirm.

Affirmed.

Kirsch, J., and Robb, J., concur.