# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 03 2017, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael G. Moore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Kennedy,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 3, 2017

Court of Appeals Case No.
49A05-1607-CR-1613

Appeal from the Marion Superior Court

The Honorable Helen W. Marchal, Judge

Trial Court Cause No.
49G15-1506-F6-21034

**Bradford, Judge.**

# Case Summary

[1] On June 12, 2015, Appellant-Defendant Kenneth Kennedy was brought to Eskenazi Hospital by ambulance. At some point while at Eskenazi, Kennedy became violent. During this violent episode, he encountered Marion County Special Deputy Dennis Boyle and Marion County Sheriff Reserve Deputy Joshua Tyler, both of whom were working at Eskenazi at the time within their capacity as deputies for the Marion County Sheriff's Department. Before eventually being restrained, Kennedy hit and kicked at Deputies Boyle and Tyler.

[2] Appellee-Plaintiff the State of Indiana ("the State") subsequently charged Kennedy with a number of counts, including two counts of Level 6 felony battery. Following a jury trial, Kennedy was found guilty as charged. Kennedy challenges the sufficiency to sustain his convictions for Level 6 felony battery on appeal. Concluding that the evidence is sufficient to sustain the challenged convictions, we affirm.

# Facts and Procedural History

[3] Kennedy was brought to Eskenazi by ambulance on June 12, 2015. Kennedy was accompanied by paramedic Adam Foster. Due the nature of Kennedy's behavior, Foster believed that Kennedy might have been intoxicated, a fact of which he informed the staff at the desk.

[4] As Foster attempted to take Kennedy's blood pressure, Kennedy stood up and began to dance around in a non-threatening manner. Deputy Boyle and security officer David Foust, who were stationed at the desk in the emergency department, watched on. At the time, Deputy Boyle, who was wearing his full special deputy uniform, was working in his capacity as a special deputy of the Marion County Sheriff's Department at Eskenazi and maintained the law enforcement powers granted to him by the Marion County Sheriff.

[5] Deputy Boyle and Foust watched as Kennedy began "air-boxing" with his fists. Tr. p. 73. They observed Kennedy's demeanor change "in a split second" from non-threatening to aggressive. Kennedy began pushing on Foster's chest, at which time Foster "was trying to get [Kennedy's] hands off of [him] by bringing them down, trying to keep him at an arms-length away from [him]." Tr. p. 21. Kennedy's behavior became increasingly aggressive and violent, with Kennedy grabbing the collar of Foster's shirt. After observing the change in Kennedy's demeanor, Deputy Boyle verbally ordered Kennedy to stop. Kennedy, however, did not comply with this command.

[6] After Kennedy failed to comply with his command to stop, Deputy Boyle and Foust approached Foster and Kennedy. Deputy Boyle and Foust then "moved in towards" Kennedy. Tr. p. 78. Deputy Boyle "took control of [Kennedy's] right arm" and Foust "took control of [Kennedy's] left." Tr. p. 78. Deputy Boyle informed Kennedy that "he needed to stop and stop touching [Foster] and place his hands behind his back." Tr. p. 78. Kennedy violently resisted Deputy Boyle's and Foust's attempts to retain him, swinging and pulling his

arms. While resisting Deputy Boyle and Foust, Kennedy also aggressively lunged back toward Foster. Deputy Boyle and Foust then "attempted to regain control" of Kennedy by executing "a defensive tactic that is taught to us in our training known as an arm-bar takedown." Tr. p. 79. Kennedy continued to violently resist, punching Foust in the chest and kicking both Foust and Deputy Boyle. During this encounter, Deputy Boyle repeatedly ordered Kennedy to stop and called for backup assistance.

[7] Deputy Tyler arrived at the scene of the altercation as Deputy Boyle deployed his Taser on Kennedy. Like Deputy Boyle, Deputy Tyler was working in his capacity as a Marion County Sheriff Reserve Deputy at Eskenazi, was in his deputy sheriff uniform, and maintained his law enforcement powers at the time. Deputy Tyler began assisting Deputy Boyle, after which Kennedy hit and kicked at both deputies. Kennedy also tucked both of his arms underneath his body as Deputy Tyler attempted to handcuff him. Kennedy was eventually restrained in handcuffs. Kennedy was subsequently chemically sedated by a physician.

[8] On June 17, 2015, the State charged Kennedy with two counts of Level 6 felony battery against a public safety official, Class A misdemeanor battery, and Class A misdemeanor resisting law enforcement. Kennedy was found guilty as charged following a jury trial. The trial court subsequently sentenced Kennedy to an aggregate term of 545 days, to be served in community corrections. This appeal follows.

# Discussion and Decision

[9]     Kennedy contends that the evidence is insufficient to sustain his convictions under Counts I and II for Level 6 felony battery. Specifically, Kennedy argues that the evidence is insufficient to prove the enhancing element, *i.e.*, that he committed the batteries at issue against public safety officials.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Kennedy was charged under Counts I and II, respectively, as follows:

> On or about June 12, 2015, Kenneth Kennedy did knowingly touch Joshua D. Tyler, a public safety official, in a rude, insolent, or angry manner, to-wit: hit at and against the person of Joshua Tyler with hands, while said official was engaged in the official's official duty;
>
> On or about June 12, 2015, Kenneth Kennedy did knowingly touch Dennis Boyle, a public safety official, in a rude, insolent, or angry manner, to-wit: hit at and against the person of Dennis Boyle with hands, while said official was engaged in the official's official duty[.]

Appellant's App. Vol. 2, p. 28. Generally, "a person who knowingly or intentionally: (1) touches another person in a rude, insolent, or angry manner …commits battery, a Class B misdemeanor." Ind. Code § 35-42-2-1(b)(1) (2014). However, the offense is a Level 6 felony if the offense "is committed against a public safety official while the official is engaged in the official's official duty." Ind. Code § 35-42-2-1(d)(2). "As used in this section, 'public safety official' means: (1) a law enforcement officer[.]" Ind. Code § 35-42-2-1(a)(1).

In challenging the sufficiency of the evidence to sustain his convictions for Level 6 felony battery, Kennedy concedes that the evidence is sufficient to support his battery convictions as Class A misdemeanors, but argues that "the State failed to prove that [Deputies] Boyle and Tyler were public safety officials engaged in their official duties, which is necessary to enhance Counts I and II to [L]evel 6 felonies." Appellant's Br. p. 7. We disagree.

[12] Review of the record reveals that both Deputy Boyle and Deputy Tyler testified that they were working as public safety officials engaged in their official duties when they encountered Kennedy. Deputy Boyle testified that on the date in question, he was employed full-time at Eskenazi as a "Marion County Special Deputy Sheriff." Tr. p. 67. Deputy Boyle received his police authority through the Sheriff of Marion County and works to "provide a safe environment in the public hospital." Tr. p. 69. Deputy Boyle was working in this capacity and was wearing his full special deputy uniform on the date in question when he encountered Kennedy at Eskenazi. It is uncontested that Kennedy committed the battery at issue during this encounter with Deputy Boyle.

[13] For his part, Deputy Tyler testified that he is a Reserve Deputy for the Marion County Sheriff's Department and that he works part-time at Eskenazi. While working at Eskenazi, Deputy Tyler is working in his capacity as a sheriff's deputy and has the power to make arrests. He wears his full uniform while working in his capacity as a Sheriff's Deputy at Eskenazi. Deputy Tyler was working in this capacity on the date in question when he encountered Kennedy at Eskenazi. Again, it is uncontested that Kennedy committed the battery at issue during this encounter with Deputy Tyler.

[14] Upon review we conclude that the testimony of Deputies Boyle and Tyler is sufficient to prove that each was working in his capacity as a public safety official at the time that Kennedy committed his battery on each of the deputies. As such, we conclude that the evidence is sufficient to sustain Kennedy's convictions for Level 6 felony battery.

The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.