# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2017, 7:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Makenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justice K. Kiama,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 15, 2017

Court of Appeals Case No.
71A05-1610-CR-2396

Appeal from the St. Joseph
Superior Court

The Honorable Jenny Pitts Manier,
Judge
The Honorable Julie Verheye,
Magistrate

Trial Court Cause No.
71D04-1604-CM-1881

**Bradford, Judge.**

# Case Summary

[1]  Appellant-Defendant Justice Kiama was shopping at a JC Penney store in Mishawaka on April 16, 2016.  At some point, Kiama was asked to leave the store because he was swearing loudly in front of other customers.  As he was leaving the store, Kiama continued to swear at the store employee who had requested that he leave the store, raised his shirt, and indicated that he was armed with a firearm.  The store employee observed what appeared to be a handgun tucked in Kiama's waistband.

[2]  Kiama was subsequently charged with Class A misdemeanor intimidation.  He was found guilty as charged following a bench trial.  The trial court subsequently sentenced Kiama to thirty days with twenty-six days suspended.  The trial court also placed Kiama on probation for 180 days.

[3]  On appeal, Kiama challenges the sufficiency of the evidence to sustain his intimidation conviction.  Concluding that the evidence is sufficient to sustain the challenged conviction, we affirm.

# Facts and Procedural History

[4]  Kiama was shopping at a JC Penney store in Mishawaka on April 16, 2016, when he became concerned that his vehicle might have been stolen.[1]  Kiama

---

[1] As it turns out, the vehicle in question had not been stolen and was discovered immediately by Kiama's wife following his arrest.

became visibly upset and began swearing loudly. Tony Slagle, a loss-prevention detective employed by JC Penney approached Kiama, attempted "to calm him down," and offered to help him by notifying mall security of the possible auto theft. Tr. p. 6. Slagle also informed Kiama that he could not swear while he remained inside the store. Kiama then "got very agitated" and started swearing at Slagle. Tr. p. 6. Slagle asked Kiama to leave the store.

[5] Slagle escorted Kiama out of the store. Once outside in the parking lot, Kiama turned back towards Slagle, screamed "I have a firearm" and "pulled up his shirt." Tr. p. 7. At this time, Slagle "saw what appeared to be a handgun in [Kiama's] waistband." Tr. p. 7. Slagle, who had been on the phone with mall security, immediately called 911. From a safe distance, Slagle observed Kiama wander around the parking lot until law enforcement arrived.

[6] On April 18, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Kiama with Class A misdemeanor intimidation. The case proceeded to a bench trial on September 29, 2016. During trial, both Slagle and Kiama testified about their encounter. At the conclusion of trial, the trial court noted that the parties presented "two very different versions of the encounter that occurred at [the] JC Penney" store. Tr. p. 31. The trial court then proceeded to find Kiama guilty of the charged offense. In finding Kiama guilty of the charged offense, the trial court explicitly stated that it believed Slagle's testimony relating to his and Kiama's encounter. The trial court subsequently sentenced Kiama to thirty days with twenty-six days suspended and credit for the time which Kiama

"spent in custody" prior to trial. Tr. p. 34. The trial court also placed Kiama on probation for a period of 180 days. This appeal follows.

# Discussion and Decision

[7] Kiama contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor intimidation.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

[8]     In charging Kiama, the State alleged that on or about April 16, 2016, Kiama "did communicate a threat to Tony A. Slagle II, with the intent that Tony A. Slagle II be placed in fear of retaliation for a prior lawful act, to-wit: Asking [Kiama] to leave JC Penney." Appellant's App. Vol. II, p. 7. Indiana Code section 35-45-2-1(a)(2) provides that "[a] person who communicates a threat to another person with the intent: … (2) that the other person be placed in fear of retaliation for a prior lawful act … commits intimidation, a Class A misdemeanor." The word "threat" has been defined as an expression, by words or action, of an intention to "unlawfully injure the person threatened or another person, or damage property." Ind. Code § 35-42-2-1(d)(1). Thus, in order to prove that Kiama committed the charged offense, the State was required to prove that Kiama communicated a threat to Slagle with the intent that Slagle would be placed in fear of retaliation for the prior lawful act of asking Kiama to leave the JC Penney store.

[9]     In challenging his conviction, Kiama claims that the evidence is insufficient to sustain his conviction because although he claimed to be armed with a firearm, he "never made any threats of intention to inflict harm of Slagle or anyone." Appellant's Br. p. 8. In support, Kiama cites to our prior opinion in *Gaddis v. State*, 680 N.E.2d 860, 862 (Ind. Ct. App. 1997), in which we concluded that "under the intimidation statute the mere display of a handgun does not express an intention to unlawfully injure a person or his property." For its part, the State counters by arguing that the facts are more similar to those presented in

*Johnson v. State*, 743 N.E.2d 755 (Ind. 2001). In *Johnson*, the Indiana Supreme Court affirmed the defendant's intimidation conviction, holding that

> In this case, evidence that Johnson displayed a firearm combined with telling Kreczmer "don't even think it," which was preceded by two obscene remarks, was sufficient for a trier of fact to conclude that Johnson communicated a threat within the meaning of the intimidation statute, namely: Johnson expressed by his words and actions an intention to unlawfully injure Kreczmer. The evidence was also sufficient to show that Johnson threatened Kreczmer with the intent to place him in fear of retaliation for a prior lawful act, namely: asking Johnson to move the car.

743 N.E.2d at 757.

[10] Upon review, we agree that the facts are more similar to those presented in *Johnson* than in *Gaddis*. Review of the record reveals that Kiama did not merely display a weapon as was the case in *Gaddis*. Instead, Kiama loudly cursed at Slagle, stated that he was armed with a firearm, and lifted his shirt to reveal what appeared to Slagle to be a handgun tucked in the waistband of his pants. Thus, similar to the facts presented in *Johnson*, here, Kiama's act of brandishing an apparent handgun was preceded by repeated cursing and an explicit statement that he was armed.

[11] We acknowledge that review of the record reveals that during trial, Slagle and Kiama provided very different accounts of their encounter. However, in finding Kiama guilty of the charged offense, the trial court explicitly stated that it believed Slagle's testimony relating to his and Kiama's encounter. The trial

court, acting in its role as the fact-finder, "is best positioned to judge the credibility of these witnesses, is free to credit or discredit testimony, and weigh conflicting evidence." *Tharp v. State*, 942 N.E.2d 814, 816 (Ind. 2011).

[12] Again, Slagle's testimony establishes that on the date in question, as part of his employment as a JC Penney, Slagle lawfully requested Kiama leave the store after Kiama refused to stop cursing loudly in front of other customers. Immediately after Kiama left the store, he turned toward and loudly cursed at Slagle, pulled up his shirt, and indicated that he was armed with a firearm. Slagle observed what appeared to be a handgun tucked into Kiama's waistband. Kiama's actions were such that a fact-finder could reasonably infer that the actions were sufficient to place a reasonable person in fear for his safety. *See Brewington v. State*, 7 N.E.3d 946, 969 (Ind. 2014) (providing that in deciding the question of whether statements and actions were meant to be threatening, the fact-finder should consider all of the contextual factors, including whether the communications at issue would be likely to cause a reasonable person, similarly situation to the victim, to fear for their safety).

[13] We conclude that the above-discussed facts are sufficient to support the inference that Kiama communicated a threat to Slagle with the intent that Slagle would be placed in fear of retaliation for the prior lawful act of asking Kiama to leave the JC Penney store.[2] Accordingly, we further conclude that the

---

[2] We note that the fact that the question of whether Kiama was actually armed with a firearm was later called into question as no firearm was recovered from his person during his arrest

evidence is sufficient to sustain Kiama's intimidation conviction. Kiama's claim to the contrary amounts to nothing more than an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

[14] The judgment of the trial court is affirmed.

Najam, J., and Riley, J., concur.

---

does not impact the sufficiency of the evidence to sustain his conviction because the evidence supports the inference that Kiama acted in an intimidating and threatening manner by loudly and angrily indicating that he was armed with a firearm and pulling up his shirt to display what appeared to be a firearm tucked into his waistband.