## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2017, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Nelson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 12, 2017 <br><br> Court of Appeals Case No. 49A04-1706-CR-1417 <br><br> Appeal from the Marion County Superior Court. <br> The Honorable Christina R. Klineman, Judge. <br> Trial Court Cause No. 49G17-1704-CM-12399 |

**Friedlander, Senior Judge.**

[1] Following a bench trial, Anthony Nelson was convicted of invasion of privacy as a Class A misdemeanor.[1] The sole issue Nelson raises is whether sufficient evidence was presented to sustain his conviction. We affirm.

[2] The facts most favorable to the judgment establish that Nelson is the father of K.N., who was twelve years old at the time the offense was committed. In May of 2016, K.N.'s maternal grandmother, Nelson's former mother-in-law (hereinafter, "Grandmother"), filed a petition for guardianship of K.N. The guardianship hearing occurred in November of 2016, and the matter was taken under advisement.[2]

[3] Also in November of 2016, Grandmother sought and received a protective order for K.N., and against Nelson, because of allegations that Nelson physically abused K.N. The protective order was served on Nelson by copy service on November 10, 2016, and by certified mail on November 19, 2016. The protective order (among other things) prohibited Nelson from "harassing, annoying, telephoning, contacting, or directly or indirectly communicating with [K.N.]." State's Exhibit 4. Nelson, however, left voicemail messages on Grandmother's phone, expressing his displeasure regarding the protective order.

---

[1] Ind. Code § 35-46-1-15.1(1) (2016).

[2] Grandmother's petition for guardianship of K.N. was granted on December 22, 2016.

[4] On November 28, 2016, after the protective order was issued and served, Grandmother called the police because Nelson had been texting her and calling her. On December 16, 2016, she called the police because Nelson had been at her mailbox. On December 27, 2016, Grandmother called the police because Nelson had again been texting and calling her.

[5] On the night of December 31, 2016, K.N. was on her phone in her bedroom at Grandmother's house when she heard a tapping sound on her window.[3] When she looked out of her window, she observed a hand holding a cellphone that showed a picture of her father's mother on the cellphone screen. K.N. surmised that the person holding the cellphone must be her father. She immediately told her Grandmother about the incident.

[6] On April 4, 2017, the State charged Nelson with Class A misdemeanor invasion of privacy. Following a bench trial held on June 7, 2017, the trial court found Nelson guilty as charged and sentenced Nelson to time served. Nelson now appeals.

[7] Nelson argues the State failed to present sufficient evidence to prove he committed invasion of privacy. According to Nelson, his conviction was based upon circumstantial evidence, "as there was no evidence that anyone saw him at [Grandmother's] house on December 31, 2016," and the circumstantial

---

[3] The record is unclear as to when K.N. began living with Grandmother but the record does establish that K.N. was living with Grandmother on December 31, 2016.

evidence was "that of extreme bias demonstrated by [Grandmother]." Appellant's Br. p. 7. The State maintains that Nelson's argument on appeal is merely a request for this Court to reweigh the evidence and judge the credibility of the witnesses. We agree and find sufficient evidence to support Nelson's conviction.

[8]     When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433 (Ind. 2002). A conviction may be supported by the uncorroborated testimony of a single witness or

by circumstantial evidence alone. *McCarthy v. State*, 749 N.E.2d 528 (Ind. 2001).

[9] To convict Nelson of Class A misdemeanor invasion of privacy, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally violated a protective order. Ind. Code § 35-46-1-15.1(1) (2016). In the charging information, the State specifically alleged that Nelson knowingly violated the protective order "by going to [K.N.'s] residence and/or looking [into] the window to contact her." Appellant's App. p. 14.

[10] Nelson does not dispute that he had knowledge of the protective order. Grandmother testified at the bench trial that Nelson left voicemail messages on her phone in which he expressed his displeasure regarding the protective order, specifically: "[y]ou tryin' [sic] to keep me away from my daughter," and "[y]ou got a restraining order against me." Tr. p. 7. On one occasion, Nelson was observed near Grandmother's mailbox.

[11] K.N. testified that on December 31, 2016, while the protective order was in place and while she was in the bedroom in the house where she lived, she heard a tapping sound on her bedroom window. When she looked out of the window, she saw a hand holding a cellphone. The screen on the cellphone displayed a picture of Nelson's mother, K.N.'s paternal grandmother. Although K.N. could not see the individual who held the cellphone, she testified that she thought it was her father holding the phone because she "[didn't] know who else would have the picture [of Nelson's mother] on [the

cellphone]," and "[w]ho else would come to the window like that."  Tr. pp. 31, 33.

[12]   From the testimony presented at trial, the trial court could have reasonably inferred that Nelson was the individual holding the cellphone to K.N.'s window and, thus, was in violation of the protective order.  Nelson's argument to the contrary effectively amounts to an invitation for this court to reweigh the evidence and judge the credibility of the witnesses, which we will not do.  *See Stewart*, 768 N.E.2d at 435.  The evidence was sufficient to prove that Nelson contacted K.N. in violation of the protective order.

[13]   For the reasons stated above, we affirm Nelson's conviction of invasion of privacy.

[14]   Affirmed.

Baker, J., and Brown, J., concur.